**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MAHA JASTRAM, Individually and on Behalf of All Others Similarly Situated, | Case No. 9:23-cv-80833-AMC |
| Plaintiff, | |
| v. | CLASS ACTION |
| NEXTERA ENERGY, INC., JAMES ROBO, ERIC SILAGY and DAVID P. REUTER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF RETIREMENT FUNDS FOR APPOINTMENT AS**
**LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL**

Movants the City of Hollywood Police Officers' Retirement System and the Pembroke Pines Firefighters & Police Officers Pension Fund (collectively, the "Retirement Funds") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (i) appointing Retirement Funds as Lead Plaintiff and (ii) approving their selection of Block & Leviton LLP as Lead Counsel and Edelsberg Law, P.A. as Liaison Counsel for the Class.

## INTRODUCTION

The above-captioned action alleges that between December 2, 2021 and February 1, 2023, inclusive (the "Class Period"), NextEra Energy, Inc. ("NEE" or the "Company") and certain of its senior executives defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

This action alleges that, throughout the Class Period, Defendants made false and misleading statements, as well as denied allegations of political misconduct by the Company's main subsidiary, Florida Power & Light ("FPL"), while also falsely claiming that the alleged actions did not expose NEE to any meaningful legal or reputational risks.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-

1

4(a)(3)(B)(iii)(I). For the reasons set forth below, the Retirement Funds are the "most adequate plaintiff" by virtue of, among other things, the losses they sustained of approximately $114,547.10 on a LIFO basis on their purchases of shares of NextEra Energy stock during the Class Period.

In addition to asserting the largest financial interest in this litigation, the Retirement Funds also satisfy the relevant requirements of Rule 23 because their claims are typical of all Class members and they will fairly and adequately represent the interests of the Class.

The PSLRA also provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Retirement Funds have further demonstrated their adequacy through their selection of Block & Leviton, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel, and Edelsberg Law to serve as Liaison Counsel for the Class.

Accordingly, Retirement Funds respectfully requests that the Court appoint them as Lead Plaintiff, approve their selection of counsel, and otherwise grant their motion.

## FACTUAL BACKGROUND

Beginning in December 2021, media outlets, including the Orlando Sentinel and Miami Herald, began reporting that FPL and its political consulting firm, Matrix LLC ("Matrix") had orchestrated a range of improper political expenditures including potential violations of state and federal campaign finance laws. Specifically, reports alleged that FPL's political consultants had used a network of nonprofits to surreptitiously steer funding to spoiler "ghost candidates" intended to derail the campaign efforts of unfriendly legislators seeking reelection to the Florida state legislature during the 2020 election cycle. Later reports alleged that FPL had spied on journalists after the publication of unsupportive reporting, and improperly courted public officials with job offers while bidding to privatize certain public utilities. The Orlando Sentinel and Miami Herald

2

further reported that Matrix's dirty tricks were undertaken for the express purpose of benefitting FPL and with the knowing approval of FPL executives.

FPL responded to this reporting with blanket denials. For more than a year, FPL's executives and top corporate officers at NEE falsely claimed that, based on the findings of an internal investigation, the alleged political misconduct orchestrated by FPL did not expose the Company to any meaningful legal or reputational risk, but later acknowledged the opposite—when FPL President and CEO Eric Silagy ("Silagy") abruptly resigned and including a new risk disclosure in its SEC filings explicitly addressing the issue on January 25, 2023.

On the same day that Silagy's resignation was disclosed, NEE filed a Form 8-K with the SEC which specifically acknowledged that FPL faced legal and reputational risks because of the allegations that FPL executives had orchestrated political misconduct. On this news, NEE's stock dropped $7.31 per share, or about 8.7%, representing a loss of approximately $15 billion in market capitalization on unusually high trading volume.

Analysts expressly linked NEE's drop to the risks posed by FPL's political misconduct. For example, Paul Patterson of Glenrock Associates said that the stock decline was "driven substantially by the unexpected management change and the update they gave on their review into political activity." A report published by Bank of America analyst Julien Dumoulin- Smith on January 26, 2023 concluded Silagy's exit was "rushed" and difficult to separate from recent political controversies.

NEE's stock continued to drop of the next several trading days, until, on January 31, 2023, the Florida Times Union reported that NEE executives disclosed to analysts from Bank of America that Silagy's exit agreement included a multi-year "claw back on compensation for any legal

wrongdoing" tacitly acknowledging the link between Silagy's departure and the new risk disclosure statement concerning legal and reputational risk arising from political misconduct.

**ARGUMENT**

### A. The Retirement Funds are the "Most Adequate Plaintiff" and Should be Appointed Lead Plaintiff

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, July 25, 2023), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member, and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides that the court shall adopt a presumption that the "most adequate plaintiff" in any private action arising under this Act is the person or group of persons that "(aa) has either filed the complaint or made a motion in response to a notice …; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Steppacher v. Alfi, Inc.*, 2022 WL 1115049, at *2-3 (S.D. Fla. Apr. 13, 2022) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

The Retirement Funds satisfy each of these requirements; the Court should therefore appoint them as Lead Plaintiff.

### 1. The Motion Is Timely.

The statutorily required notice of this action was published on May 26, 2023, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to

4

move the Court to be appointed as lead plaintiff by July 25, 2023. *See* Ex. A to the Declaration of Chris Gold (the "Gold Decl.").

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, the Retirement Funds timely move this Court to be appointed as Lead Plaintiff on behalf of all members of the Class. Representatives for the Retirement Funds have signed certifications pursuant to the PSLRA. *See id.*, Ex. B. Retirement Funds have selected and retained qualified counsel to represent them and the proposed Class. *See id.*, Exs. E & F. Accordingly, Retirement Funds are entitled to have their application for appointment as Lead Plaintiff and selection of Lead Counsel and Liaison Counsel considered and approved by the Court.

### 2. Retirement Funds Have a Substantial Financial Interest in the Relief Sought by the Class.

Retirement Funds should be appointed Lead Plaintiff because they believe that they have the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated by the accompanying PSLRA Certifications and loss calculations, Retirement Funds sustained combined losses of approximately $114,547.10 on a LIFO basis on their Class Period purchases of shares of NextEra Energy stock. *See* Gold Decl., Exs. C & D. To the best of Retirement Funds' knowledge, no other applicant seeking Lead Plaintiff appointment has a larger financial interest in the litigation. Accordingly, the Retirement Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Retirement Funds Otherwise Satisfies Rule 23.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make

a "preliminary showing" that they satisfy Rule 23's typicality and adequacy requirements. *Mulvaney v. Geo Grp., Inc.*, 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."). Here, the Retirement Funds unquestionably satisfy both requirements.

The Retirement Funds assert claims that are typical of the claims of other members of the Class. Typicality is satisfied when the representative party's claims share "the same essential characteristics as the claims of the class at large." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) (emphasis, quotation marks, and citation omitted). Like all other Class members, the Retirement Funds (i) purchased NextEra Energy securities during the Class Period, (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (iii) were damaged as a result. *See Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) (typicality satisfied where members of proposed lead plaintiff group "purchased Jabil shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct"). Accordingly, because Retirement Funds' claims are based on the same legal theories and arise from the same events and course of conduct as the claims of the putative Class, they satisfy Rule 23(a)(3)'s typicality requirement.

The Retirement Funds likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). For the Class's interests to be fairly and adequately represented, a lead plaintiff must demonstrate that: "'(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Luczak*

6

*v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (citation omitted). Retirement Funds satisfy these elements because their substantial financial stake in the litigation provides the ability and incentive to vigorously represent all of the Class's claims. Moreover, there are no facts to suggest any actual or potential conflict of interest between Retirement Funds and other Class members. Indeed, their interests are perfectly aligned with those of the Class.

Finally, Retirement Funds has further demonstrated their adequacy through their selection of Block & Leviton as proposed Lead Counsel and Edelsberg Law as proposed Liaison Counsel to represent the Class in this action. As discussed more fully below, Block & Leviton is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Thus, as demonstrated herein, Retirement Funds satisfy the requirements of Rule 23.

### B. The Court Should Approve the Retirement Funds' Selection of Block & Leviton LLP as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Retirement Funds has selected Block & Leviton LLP as Lead Counsel, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. *See* Gold Decl., Ex. E. As recently noted by a district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation,* (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.*, (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.* No. 3:17-cv-07173-FLW-LHG (D.N.J.) (ECF No. 21). Likewise, Retirement Funds has selected highly experienced Liaison Counsel in Edelsberg Law. *See* Gold Decl., Ex. F.

Accordingly, the Court should approve Retirement Funds' selection of Block & Leviton as Lead Counsel and Edelsberg Law as Liaison Counsel.

## CONCLUSION

For the foregoing reasons, Retirement Funds respectfully requests that the Court issue an Order (1) appointing Retirement Funds as Lead Plaintiff and (2) approving their selection of Block & Leviton LLP as Lead Counsel and Edelsberg Law, P.A. as Liaison Counsel.

Dated: July 25, 2023

Respectfully submitted,

*/s/ Chris Gold*
Chris Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
(786) 673-2405 phone

Scott Edelsberg, Esq.
Florida Bar No. 0108039
scott@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
(305) 975-3320 phone

*Liaison Counsel for Movant Retirement Funds and Proposed Liaison Counsel for the Class*

AND

8

**BLOCK & LEVITON LLP**
Jeffrey C. Block, Esq. (*pro hac vice)*
Jacob Walker, Esq. (*pro hac vice*)
Brendan Jarboe, Esq. (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
jeff@blockleviton.com
jake@blockleviton.com
brendan@blockleviton.com
(617) 398-5600 phone
(617) 507-6020 fax

*Counsel for Movant Retirement Funds and
Proposed Lead Counsel for the Class*

**KLAUSNER, KAUFMAN, JENSEN &
LEVINSON, P.A.**
Robert D. Klausner
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Movant Retirement
Funds*

9

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this on the 25th day of July, 2023, a true and correct copy of the

foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF

system.

/s/ *Chris Gold*
Chris Gold