UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-80833-Civ-CANNON/REINHART

MAHA JASTRAM, Individually and on Behalf )    <u>CLASS ACTION</u>
of All Others Similarly Situated,                       )
                                                                        )
                                          Plaintiff,              )
                                                                        )
        vs.                                                       )
                                                                        )
NEXTERA ENERGY, INC, et al.,                       )
                                                                        )
                                          Defendants.         )
                                                                        )
_____   )

PROPOSED LEAD PLAINTIFF JACKSON COUNTY EMPLOYEES' RETIREMENT
SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN
SUPPORT THEREOF

4867-7181-5282.v1

Case No. 9:23-80833-Civ-CANNON/REINHART

## MOTION[1]

Proposed lead plaintiff Jackson County Employees' Retirement System (the "Retirement System") hereby moves this Court for an Order: (1) appointing the Retirement System as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approving the Retirement System's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

## MEMORANDUM OF LAW

### I.       INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers or acquirers of NextEra Energy, Inc. ("NextEra" or the "Company") securities between December 2, 2021 and February 1, 2023, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act") against the Company and certain of its top executive officers.  The PSLRA requires courts to "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

---

[1]      The Retirement System's counsel is aware of Local Rule 7.1(a)(3) which requires a moving party's counsel to confer with all parties in a good faith effort to resolve the issues raised by the motion.  However, because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), the Retirement System cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on July 25, 2023.  Accordingly, the Retirement System's counsel respectfully requests that compliance with Local Rule 7.1(a)(3) be waived in this instance due to the fact that the Retirement System cannot confer with unknown movants.

- 1 -

Here, the Retirement System should be appointed lead plaintiff because it filed a timely motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u 4(a)(3)(B)(iii). In addition, the Retirement System's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

NextEra is one of the largest power and utility holding companies in North America, and NextEra's primary subsidiary, Florida Power and Light Co. ("FPL"), is the largest vertically integrated regulated utility in Florida. NextEra common and preferred stock trade on the New York Stock Exchange under the tickers NEE and NEE/PQ.

Beginning in December 2021, media outlets, including the *Orlando Sentinel* and *Miami Herald*, began reporting that FPL and its political consulting firm, Matrix LLC had orchestrated a range of improper political expenditures including potential violations of state and federal campaign finance laws. Specifically, reports alleged that FPL's political consultants had used a network of nonprofits to surreptitiously steer funding to spoiler "ghost candidates" intended to derail the campaign efforts of unfriendly legislators seeking reelection to the Florida state legislature during the 2020 election cycle. Later reports alleged that FPL had spied on journalists after the publication of unsupportive reporting, and improperly courted public officials with job offers while bidding to privatize certain public utilities. The *Orlando Sentinel* and *Miami Herald* further reported that Matrix's actions were undertaken for the express purpose of benefitting FPL and with the knowing approval of FPL executives.

- 2 -

4867-7181-5282.v1

The complaint alleges that defendants throughout the Class Period failed to disclose that: (i) FPL's surreptitious orchestration of political misconduct exposed NextEra Energy to substantial legal and reputational risk; and (ii) in light of the above, defendants' positive statements about NextEra Energy's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On January 25, 2023, NextEra disclosed that FPL President and CEO, defendant Eric Silagy, would no longer serve as CEO of FPL as of February 15, 2023, and would retire effective May 15, 2023.  On the same day, the Company filed a Form 8-K with the U.S. Securities and Exchange Commission which acknowledged that FPL faced legal and reputational risks because of the allegations that FPL executives had orchestrated political misconduct.  On this news, the prices of NextEra's common and preferred stock fell by approximately 9% and 5%, respectively.

NextEra's common and preferred stock prices continued to drop the next several trading days, until, on January 31, 2023, the *Florida Times Union* reported that NextEra executives disclosed to analysts from Bank of America that Silagy's exit agreement included a multi-year "claw back on compensation" for "any legal wrongdoing" tacitly acknowledging the link between Silagy's departure and the new risk disclosure statement concerning legal and reputational risk arising from political misconduct.  ECF 14 at ¶9.

## III.    LEGAL ARGUMENT

### A.    The Retirement System Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).

4867-7181-5282.v1

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). The plaintiff in this action caused a notice regarding the pendency of the action to be published on *Globe Newswire*, a national, business-oriented newswire service, on May 26, 2023. *See* Declaration of Paul J. Geller in Support of Proposed Lead Plaintiff Jackson County Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Geller Decl."), Ex. A.

Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)   has either filed the complaint or made a motion in response to a notice . . . ;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Retirement System meets these requirements and should therefore be appointed Lead Plaintiff.

4867-7181-5282.v1

Case No. 9:23-80833-Civ-CANNON/REINHART

### a.  The Retirement System's Motion Is Timely

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on July 25, 2023, the same day this Motion is being filed.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).  In addition, the Retirement System has duly signed a Certification stating that it is willing to serve as the representative party on behalf of the class.  *See* Geller Decl., Ex. B.  Accordingly, because the Retirement System has complied with the PSLRA's procedural requirements, the Retirement System is entitled to have its application for appointment as lead plaintiff considered and approved by the Court.

### b.  The Retirement System Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, the Retirement System purchased 21,035 shares of NextEra preferred stock and suffered approximately $129,184 in losses as a result of defendants' alleged misconduct pursuant to the Exchange Act.  *See* Geller Decl., Exs. B, C.  To the best of the Retirement System's counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period.  Therefore, the Retirement System satisfies the PSLRA's prerequisite of having the largest financial interest.

### c.  The Retirement System Otherwise Satisfies Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the lead plaintiff movant need only make a preliminary showing that the Rule 23(a) requirements of typicality and adequacy are met.  *Jahm v. Bankrate, Inc.*, 2015 WL 13650037, at *2 (S.D. Fla. Jan. 16, 2015).  "The typicality requirement of Rule 23(a)(3) is

- 5 -

satisfied where 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Id.* (citation omitted). "The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party 'will fairly and adequately protect the interests of the class.' Fed. R. Civ. P. 23(a)(4). The Eleventh Circuit has instructed that adequacy of representation is primarily based on 'the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the . . . class' and 'whether plaintiffs have interests antagonistic to those of the rest of the class.'" *Id.* (citation omitted). The Retirement System satisfies these requirements.

Here, the Retirement System, like other class members: (1) purchased NextEra securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom. Thus, the Retirement System's claims are typical of those of other class members because its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. The Retirement System's significant financial interest ensures that it will vigorously represent the class. Moreover, as an institutional investor, the Retirement System is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). Finally, as set forth in more detail below, the Retirement System has retained Robbins Geller as proposed lead counsel, a law firm with vast experience prosecuting securities class actions.

Case No. 9:23-80833-Civ-CANNON/REINHART

Because the Retirement System filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that it is the presumptive lead plaintiff.

**B.      The Court Should Approve the Retirement System's Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, the Retirement System has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, including in this District, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2]  District courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *City of Hollywood Police Officers' Ret. Sys. v. Citrix Sys., Inc.*, No. 0:21-cv-62380-AHS, ECF 51 at 7 (S.D. Fla. Mar. 1, 2022) (appointing Robbins Geller as lead counsel and noting that "Robbins Geller possesses significant experience in litigating complex securities actions, having been appointed to lead counsel roles in hundreds of securities class actions").

---

[2]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

4867-7181-5282.v1

Case No. 9:23-80833-Civ-CANNON/REINHART

Notably, the Retirement System selected in this case a law firm which had obtained a historic $671 million settlement in *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.), the largest securities class action settlement ever in the Eleventh Circuit. Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, and Tenth Circuits.[3] Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Retirement System's selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[3]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit).

- 8 -

4867-7181-5282.v1

## IV.    CONCLUSION

The Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Retirement System respectfully requests that the Court grant its motion for appointment as lead plaintiff and approval of its selection of lead counsel.

DATED:  July 25, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
KATHLEEN B. DOUGLAS
Florida Bar No. 043240


s/ Paul J. Geller
PAUL J. GELLER

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
kdouglas@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 9 -

4867-7181-5282.v1