UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| MAHA JASTRAM, Individually and on Behalf of All Others Similarly Situated, | Case No. 9:23-cv-80833-AMC |
| Plaintiff, | |
| v. | |
| NEXTERA ENERGY, INC., JAMES ROBO, ERIC SILAGY and DAVID P. REUTER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RICHARD BARCELONA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

     I.       BARCELONA SHOULD BE APPOINTED LEAD PLAINTIFF ......................... 4

          A.     Barcelona Is Willing to Serve as Class Representative ............................. 5

          B.     Barcelona Has the "Largest Financial Interest" in the Action ................... 6

          C.     Barcelona Otherwise Satisfies the Requirements of Rule 23 .................... 7

          D.     Barcelona Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................ 9

     II.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................... 9

CONCLUSION ..................................................................................................................... 11

CERTIFICATE REGARDING GOOD FAITH CONFERENCE ............................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN,
 2005 U.S. Dist. LEXIS 51106 (S.D. Fla. June 15, 2005) ...........................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ..............................................................................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................................7

*Lax v. First Merchants Acceptance Corp.* No. 97 C 2715,
 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..............................................................6

*Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS,
 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) ...........................................................8

*Mulvaney v. GEO Group, Inc.*, No. 16-cv-81494-MIDDLEBROOKS,
 2016 U.S. Dist. LEXIS 193402 (S.D. Fla. Nov. 18, 2016).......................................................10

*Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES,
 2016 U.S. Dist. LEXIS 186864 (S.D. Fla. Apr. 8, 2016) ...........................................................7

*Piven v. Sykes Enters.*,
 137 F. Supp. 2d 1295 (M.D. Fla. 2000) ...................................................................................8

*Prado-Steinman ex rel. Prado v. Bush*,
 22 F.3d 1266 (11th Cir. 2000) .................................................................................................8

*Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU,
 2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016)...........................................................7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
 216 F.R.D. 248 (S.D.N.Y. 2003) ..............................................................................................8

**Statutes**

15 U.S.C. §78u-4 .....................................................................................................1, 5, 6, 9

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23...................................................................................................... *passim*

ii

Richard Barcelona ("Barcelona") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Barcelona as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired NextEra Energy, Inc. ("NextEra" or the "Company") securities between December 2, 2021 and February 1, 2023, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel, and Miller Shah LLP ("Miller Shah") as Liaison Counsel, for the Class.

## PRELIMINARY STATEMENT

The complaint in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. NextEra investors, including Barcelona, incurred significant losses following the disclosure of the alleged fraud, which caused NextEra's share price to fall sharply, damaging Barcelona and other NextEra investors.

Pursuant to the PSLRA, the court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of NextEra securities during the Class Period, Barcelona incurred losses of approximately $3,869. *See* Declaration of Jayne A. Goldstein in Support of Motion ("Goldstein Decl."), Exhibit ("Ex.") A. Accordingly, Barcelona believes that he has the largest financial interest in the relief sought in the Action.

1

Beyond his considerable financial interest, Barcelona also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Barcelona has selected Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.  These firms' attorneys are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Barcelona respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.

## STATEMENT OF FACTS

As alleged in the complaint filed in the Action, NextEra is a Florida corporation headquartered in Juno Beach, Florida and one of the largest power and utility holding companies in North America.  NextEra's primary subsidiary is Florida Power and Light Co. ("FPL"), the largest vertically integrated regulated utility in Florida.

Beginning in December 2021, media outlets, including the Orlando Sentinel and Miami Herald, began reporting that FPL and its political consulting firm, Matrix LLC ("Matrix") had orchestrated a range of improper political expenditures including potential violations of state and federal campaign finance laws.  Specifically, reports alleged that FPL's political consultants used had used a network of nonprofits to surreptitiously steer funding to spoiler "ghost candidates" intended to derail the campaign efforts of unfriendly legislators seeking reelection to the Florida state legislature during the 2020 election cycle.  Later reports alleged that FPL had spied on

2

journalists after the publication of unsupportive reporting, and improperly courted public officials with job offers while bidding to privatize certain public utilities.  The Orlando Sentinel and Miami Herald further reported that Matrix's dirty tricks were undertaken for the express purpose of benefitting FPL and with the knowing approval of FPL executives.

FPL responded to this reporting with blanket denials.  For more than a year, FPL's executives and top corporate officers at NextEra falsely claimed that, based on the findings of an internal investigation, the alleged political misconduct orchestrated by FPL did not expose the Company to any meaningful legal or reputational risk, but later acknowledged the opposite—when FPL President and CEO Eric Silagy ("Silagy") abruptly resigned and including a new risk disclosure in its SEC filings explicitly addressing the issue on January 25, 2023.

On the same day that Silagy's resignation was disclosed, NextEra filed a Form 8-K with the SEC which specifically acknowledged that FPL faced legal and reputational risks because of the allegations that FPL executives had orchestrated political misconduct.  The Form 8-K stated in relevant part:

> FPL's and [NextEra's] business and reputation could be adversely affected by allegations that FPL or [NextEra] has violated laws, by any investigations or proceedings that arise from such allegations, or by ultimate determinations of legal violations. For example, media articles have been published that allege, among other things, Florida state and federal campaign finance law violations by FPL.

On this news, NextEra's stock dropped $7.31 per share, or about 8.7%, representing a loss of approximately $15 billion in market capitalization on unusually high trading volume.

Analysts expressly linked NextEra's drop to the risks posed by FPL's political misconduct. For example, Paul Patterson of Glenrock Associates said that the stock decline was "driven substantially by the unexpected management change and the update they gave on their review into political activity."  A report published by Bank of America analyst Julien Dumoulin-Smith on

3

January 26, 2023 concluded Silagy's exit was "rushed" and difficult to separate from recent political controversies.

NextEra's stock continued to drop of the next several trading days, until, on January 31, 2023, the Florida Times Union reported that NextEra executives disclosed to analysts from Bank of America that Silagy's exit agreement included a multi-year "claw back on compensation for any legal wrongdoing" tacitly acknowledging the link between Silagy's departure and the new risk disclosure statement concerning legal and reputational risk arising from political misconduct.

NextEra's stock has traded well below $80 per share since January 25, 2023.

Throughout the Class Period, Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants misled investors by failing to disclose that: (1) FPL's surreptitious orchestration of political misconduct exposed NextEra to substantial legal and reputational risk; and (2) in light of the above, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## ARGUMENT

## I.   BARCELONA SHOULD BE APPOINTED LEAD PLAINTIFF

Barcelona should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response

4

to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint Lead Plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as Lead Plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Barcelona satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Barcelona Is Willing to Serve as Class Representative

On May 26, 2023, counsel for the plaintiff in the Action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in NextEra securities that they had until July 25, 2023—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Goldstein Decl., Ex. B.

Barcelona has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide

testimony at deposition and trial, if necessary. *See id.*, Ex. C.  Accordingly, Barcelona satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.       Barcelona Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Barcelona has the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff.  For the purposes of Lead Plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at \*17-\*18 (N.D. Ill. Aug. 6, 1997); *see also Plymouth County Ret. Sys. v. Carter's, Inc.*, No. 08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582, at \*5 (N.D. Ga. Mar. 13, 2009) (assessing financial interest with reference to *Lax* factors).

During the Class Period, Barcelona: (1) purchased 6,215.94 shares of NextEra stock; (2) expended $474,081 on his purchases of NextEra stock; (3) retained 6,215.94 of his shares of NextEra stock; and (4) as a result of the disclosures of the fraud alleged in the Action, incurred losses of approximately $3,869 in connection with his Class Period transactions in NextEra stock. *See* Goldstein Decl., Ex. A.  To the extent that Barcelona possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

6

**C.      Barcelona Otherwise Satisfies the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005); *Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at *18 (S.D. Fla. Mar. 16, 2016).  Here, the complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Lead Plaintiff candidates, including Barcelona.

7

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

Barcelona's claims are typical of those of the Class. Barcelona alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning NextEra. Barcelona, as did all Class members, purchased or otherwise acquired NextEra securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove the NextEra's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Class representatives must also have "sufficient interest in the outcome of the litigation to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

Barcelona has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Goldstein Decl., Ex. C. There is no evidence of antagonism or conflict between Barcelona's interests and the interests of the Class. Additionally, the significant losses

8

incurred by Barcelona demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Barcelona has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Goldstein Decl., Ex. D.

### D. Barcelona Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Barcelona as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Barcelona's ability and desire to fairly and adequately represent the Class has been discussed above. Barcelona is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Barcelona should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. GEO Group, Inc.*, No. 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402, at \*8 (S.D. Fla. Nov. 18, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Barcelona has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Goldstein Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

Miller Shah is also well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Miller Shah maintains an office in Fort Lauderdale, Florida, and the firm specializes in securities class action matters, among other practice areas. *See* Goldstein Decl., Ex. F. Miller Shah's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in this Action, Barcelona's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Action effectively and expeditiously. The Court

10

may be assured that by approving Barcelona's selection of Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel, the Class members will receive the best legal representation available. Thus, Barcelona respectfully urges the Court to appoint Pomerantz and Miller Shah to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.

## CONCLUSION

For the foregoing reasons, Barcelona respectfully requests that the Court issue an Order: (1) appointing Barcelona as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selections of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.

## CERTIFICATE REGARDING GOOD FAITH CONFERENCE

Pursuant to Local Civil Rule 7.1(a)(3), counsel for Barcelona state that they could not confer with counsel for the opposing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Barcelona's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

Dated:  July 25, 2023

Respectfully submitted,

**MILLER SHAH LLP**

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, Florida 33326
Telephone: (954) 903-3170
Facsimile: (866) 300-7367
jagoldstein@millershah.com

11

*Counsel for Richard Barcelona and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Thomas H. Przybylowski
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Richard Barcelona and Proposed Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Richard Barcelona*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

/s/ *Jayne A. Goldstein*
Jayne A. Goldstein

13