# EXHIBIT B

5-21-04 Transcript of Lead Plaintiff Hearing before Judge Kaplan

1

45ldsoum

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

SOUTHERN ALASKA CARPENTERS
PENSION FUND, on behalf of
itself and all others
similarly situated, et al.,

                    Plaintiffs,        New York, N.Y.

          v.                           04 Civ. 30 (LAK)

BONLAT FINANCING CORPORATION,
et al.,

                    Defendants.

-------------------------------x

                                       May 21, 2004
                                       11:06 a.m.

Before:

                        HON. LEWIS A. KAPLAN,

                                       District Judge

                        APPEARANCES

GRANT & EISENHOFER P.A.
     Attorneys for Plaintiff
     Hermes Focus Asset Management Europe LTD
BY:  STUART M. GRANT

SCHIFFRIN & BARROWAY, LLP
     Attorneys for Plaintiff Erste-Sparinvest
BY:  RICHARD S. SCHIFFRIN
     STUART L. BERMAN
     DARREN J. CHECK
     SEAN M. HANDLER

LERACH COUGHLIN STOIA & ROBBINS LLP
     Attorneys for Plaintiff SACPF
BY:  WILLIAM S. LERACH
     TRAVIS E. DOWNS, III
     WILLOW E. RADCLIFFE
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

2

45ldsoum

```
                    APPEARANCES CONTINUED

LAW OFFICES OF CURTIS V. TRINKO, LLP
     Attorneys for Plaintiff SACPF
BY:  CURTIS V. TRINKO
     DAVID ROMERO
```

5-21-04 Transcript of Lead Plaintiff Hearing before Judge Kaplan
Hermes is the most adequate plaintiff has been overcome. A vast number of arguments have been made. With one exception, I don't regard them as having much merit.

The first is that Hermes, as a foreign plaintiff investing in foreign securities and so forth, would be subject to unique subject matter jurisdiction and forum non conveniens defenses. For reasons to which I have alluded already in the course of the argument, I don't regard that as a big problem.

Secondly, there is the suggestion of insider trading. That is nothing more than speculation. It is denied by Hermes.

45ldsoum                    Decision

There is simply nothing before me that suggests that I should not credit for the present purpose the explanation of the trading that Hermes has given.

Nor do I regard the claim of atypical investment strategies as really a serious problem at this stage. It is not to say there is nothing to it at all but I just don't regard it as serious. The fact of the matter is that what the members of the class have in common includes at least the fact that all claim to have bought securities, the price of which was affected by the fraud. They have that in common no matter what the reasons are that they bought and sold.

The only items that give me any pause at all, and they don't give me sufficient pause to exclude Hermes altogether, are, first, the fact that Hermes is exclusively, or predominantly, a stock investor, and, second, the overlap between this Morgan Stanley Advisory Board and Hermes in the person of its nonexecutive chairman, Mr. Goobey, which I view, in all likelihood, as form; more of a matter of appearance than substance. Nonetheless, appearances matter in some circumstances.

The problem of stock versus bonds, in my view, is that inasmuch as nobody seems to dispute the fact that something in the neighborhood of 85 percent of the losses here were suffered with respect to the bonds and inasmuch as whatever pot of money is available someday to settle this case, as surely there will

45ldsoum                    Decision

be, will be finite, there is going to be an issue, both in negotiating the size of the pot and in whacking it up, as to the respective interest of stockholders and bondholders, former stockholders and bondholders, and I am sufficiently troubled by that that I think it inadvisable to allow a stock trader, a stockholder, alone to represent the entire class. So I am perfectly happy to have Hermes as lead plaintiff on behalf of the equity. But because of this concern, I think it appropriate to appoint also a lead plaintiff on behalf of the debt, the debt traders, and I will come to whom in a minute.

The Morgan Stanley matter is very easily resolved. There is no suggestion here that any director of Hermes is a director of Morgan Stanley or an officer or an employee of Morgan Stanley. Rather, Mr. Goobey is on some Advisory Board. Nonetheless, my appointment of Hermes as a co-lead plaintiff will be conditioned on Mr. Goobey getting off either the Morgan Stanley Advisory Board or the Hermes Board within ten days of the date of the order, and remaining off for the duration of the litigation.

That brings me to the question of the bondholder, or

5-21-04 Transcript of Lead Plaintiff Hearing before Judge Kaplan
-holders, and that's an easy one. The Bond Movant Group has a very substantial loss claimed here. It is in excess of $10 million. It is the largest claimed loss. They certainly meet the adequacy and typicality requirements of Rule 23, and there is simply nothing before me that even remotely rebuts the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

44

45ldsoum                          Decision
presumption that they would be the most adequate representative of the bondholders.

And so the motions are disposed of by the appointment, subject to the condition I indicated, of Hermes and the Bond Group as co-lead plaintiffs, Hermes for the former equity holders and the Bond Group for the former debt holders, and the appointment as co-lead counsel are Mr. Grant, of Grant & Eisenhofer, on behalf of the former equity holders, and Mr. Toll, and the firm of Cohen, Milstein, Hausfeld & Toll, on behalf of the former debt holders.

A written order will enter to that effect, and if motions are floating around out there to strike various pieces of this mountain of paper, they will all be denied.

Is there anything I need to have addressed that I haven't so far?

MR. TOLL:  Your Honor, I hate to say this after the ruling, but our application:  The clients did retain my firm and I was arguing, but my co-counsel, Spector & Rosen, was requesting to be co-lead counsel for the bondholders, Spector, Rosen & Caldwell, and I believe it would be appropriate.  But they, you know, allowed me to argue the matter.  But however your Honor wants to proceed.

THE COURT:  I will tell you what:  My view is there ought to be one.

MR. TOLL:  OK.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

45

45ldsoum                          Decision
THE COURT:  I don't see the argument for two law firms, and all the nice things I said about your firm, I would say about the Spector firm.  Without meaning to be disrespectful, you are fungible.

So who is it going to be?

MR. TOLL:  We will decided, your Honor, if that is OK with you.

THE COURT:  Let my chambers know this afternoon.

MR. TOLL:  Thank you.

THE COURT:  All right.  Anything else?

(Pause)

Now, what about scheduling?  Consolidated amended complaint when?

MR. GRANT:  Your Honor, given that a lot of this information is still coming from Italy, I think 90 days would be helpful.

THE COURT:  Any objections?

(Pause)

OK, 90 days.

Anything else that we can accomplish this morning?

(Pause)

OK.  Thank you, all.  I appreciate the arguments.

- - -