UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MAHA JASTRAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXTERA ENERGY, INC., JAMES ROBO, ERIC SILAGY and DAVID P. REUTER,<br><br>Defendants. | Case No. 9:23-cv-80833-AMC |

**MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF RICHARD BARCELONA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; AND (2) IN RESPONSE TO COMPETING MOTIONS**

Movant Barcelona[1] respectfully submits this Memorandum of Law: (i) in further support of his motion for appointment as Lead Plaintiff and approval of his selections of Pomerantz and Miller Shah as Lead and Liaison Counsel, respectively, for the Class (Dkt. No. 30); and in response to the competing motions of: (i) Jackson County Employees' Retirement System ("JCERS") (Dkt. No. 27); and (ii) City of Hollywood Police Officers' Retirement System ("Hollywood") and Pembroke Pines Firefighters & Police Officers Pension Fund ("Pembroke Pines" and, together with Hollywood, the "Hollywood-Pembroke Pines Group" or the "Group") (Dkt. No. 25).[2]

This is a class action securities fraud lawsuit against NextEra and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; ***and*** who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, the movant with the largest financial interest in this litigation appears to be JCERS, which claims to have incurred losses of approximately $129,184 in connection with the alleged fraud. However, given that the entirety of JCERS's losses were incurred in connection with purchases of ***preferred*** shares of NextEra stock, rather than the Company's common stock, Barcelona anticipates that JCERS's motion may be opposed for reasons relating to its typicality

---

[1] All capitalized terms herein are defined in Barcelona's moving brief, unless otherwise indicated. *See* Dkt. No. 30-2.

[2] Initially one other putative Class member, Marvin May ("May"), filed a similar competing motion. Dkt. No. 26. On July 28, 2023, May filed a notice of withdrawal of his motion, acknowledging that May "does not appear to have the largest financial interest" in this litigation within the meaning of the PSLRA. Dkt. No. 31.

under Rule 23 and/or potentially being subject to unique defenses arising from the nature of its investments.

The movant alleging the next-largest loss, and the largest loss in connection with common stock purchases, is the Hollywood-Pembroke Pines Group, claiming losses of approximately $114,547 in its initial motion papers.  However, two weeks after filing its motion, the Hollywood-Pembroke Pines Group filed Revised Certifications for both Hollywood and Pembroke Pines.  Dkt. No. 32-1, 32-2.  In this supplemental filing, the Group acknowledged that the Certifications initially filed with the Group's motion papers "omitted" or "incorrectly stated" multiple Class Period transactions in NextEra securities.  In light of these errors, Barcelona anticipates that the adequacy of the Hollywood-Pembroke Pines Group to serve as Lead Plaintiff in this Action may be contested.

Barcelona respectfully submits that his appointment as Lead Plaintiff is warranted to the extent that the Court denies the competing motions of JCERS and the Hollywood-Pembroke Pines Group, or in the alternative, that his appointment as a Co-Lead Plaintiff alongside one of the competing movants is appropriate.  Barcelona possesses a significant financial interest in this litigation and, in contrast to JCERS and the Hollywood-Pembroke Pines Group, there is no valid basis to dispute Barcelona's adequacy or typicality under Rule 23.

Dated:  August 8, 2023               Respectfully submitted,

**MILLER SHAH LLP**

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, Florida 33326
Telephone: (954) 903-3170
Facsimile: (866) 300-7367
jagoldstein@millershah.com

*Counsel for Richard Barcelona and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Thomas H. Przybylowski
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Richard Barcelona and Proposed Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Richard Barcelona*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

/s/ *Jayne A. Goldstein*
Jayne A. Goldstein