UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

| | |
|---|---|
| MAHA JASTRAM, Individually and on Behalf of All Others Similarly Situated,<br><br>                                  Plaintiff,<br><br>        vs.<br><br>NEXTERA ENERGY, INC, et al.,<br><br>                                  Defendants. | <u>CLASS ACTION</u> |

JACKSON COUNTY EMPLOYEES' RETIREMENT SYSTEM'S MEMORANDUM OF LAW
IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

4884-0707-4165

## I.      INTRODUCTION

Four movants filed motions seeking appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Jackson County Employees' Retirement System; (2) City of Hollywood Police Officers' Retirement System ("HPORS") and the Pembroke Pines Firefighters & Police Officers Pension Fund ("PPF&PPF"); (3) Richard Barcelona; and (4) Marvin May.  *See* ECF 25-27, 30.  Three motions remain pending.[1]

Based on information provided in the original submissions by the lead plaintiff movants, Jackson County ERS is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Jackson County ERS' loss of nearly $130,000 is more than any other competing movant and it otherwise meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure.  Moreover, none of the competing movants will be able to identify the requisite "proof" that Jackson County ERS is subject to unique defenses or will not fairly and adequately protect the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  As such, none of the competing movants can trigger the presumption pursuant to the PSLRA and their motions should be denied.

## II.     RELEVANT LAW

In making the lead plaintiff determination, "the Court is guided by a presumption that the most adequate plaintiff is the party who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Jahm v. Bankrate, Inc.*, 2015 WL 13650037, at *1 (S.D. Fla. Jan. 16, 2015); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Once

---

[1]   Mr. May withdrew his motion.  *See* ECF 31.

the movants' financial stakes are compared and the Court "determine[s] which one has the most to gain from the lawsuit[,] [i]t must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis in original) (citation omitted). "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.* "This presumption may be rebutted by proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Jahm*, 2015 WL 13650037, at *1 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)).

## III.    NONE OF THE COMPETING MOVANTS CAN TRIGGER THE MOST ADEQUATE PLAINTIFF PRESUMPTION

While all movants met the initial requirement of timely filing a motion in response to the notice, only one satisfies the largest financial interest requirement:

| MOVANT | ORIGINAL CLAIMED LOSS |
|---|---:|
| **Jackson County ERS** | **$129,184** |
| PPF&PPF | $65,971 |
| HPORS | $48,575 |
| Richard Barcelona | $3,869 |
| ~~Marvin May~~ | ~~$1,558~~ |

*See* ECF 28-3, 25-7, 30-4, 26-4, respectively.   Accordingly, if Jackson County ERS "'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,' it is the presumptively most adequate plaintiff and is entitled to appointment under the PSLRA." *Mulvaney v. Geo Grp., Inc.*, 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016) (citation omitted).  Here,

- 2 -

4884-0707-4165

there will be no question that Jackson County ERS satisfies this requirement, much less any proof to the contrary. *See* ECF 27 at 5-6; *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) ("[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job.") (emphasis in original) (citation omitted). Consequently, because Jackson County ERS is the most adequate plaintiff and the presumption cannot be rebutted with proof to the contrary, the competing motions should be denied.[2]

Even if the presumption in Jackson County ERS's favor could be rebutted (and it cannot be), it should still be appointed as lead plaintiff, as none of the competing movants could be appointed. For example, the same day opposition briefs were due, proposed lead counsel for PPF&PPF and HPORS filed corrected Certifications, admitting that each of the Certifications were ***both*** false, omitting transactions required to be disclosed by statute. *See* ECF 32. The failure to file an accurate

---

[2]   As an institution with experience serving as a lead plaintiff in securities cases, Jackson County ERS is well aware that as lead plaintiff, it would be empowered to control the management of the litigation as a whole and that it would owe a duty to adequately represent all class members and to explore the viability of asserting all possible claims. To that end, Jackson County ERS has already arranged to include an investor that purchased common stock during the Class Period and suffered losses in connection therewith included as an additional representative plaintiff in the event Jackson County ERS is appointed lead plaintiff. *See generally In re OSI Pharm., Inc. Sec. Litig.*, 2005 WL 6171305, at *6 (E.D.N.Y. Sept. 21, 2005) ("'Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims.'") (citation omitted); *see also In re Cendant Corp. Litig.*, 182 F.R.D. 144, 148 (D.N.J. 1998) (recognizing that while nearly all putative classes "will be composed of plaintiffs whose portfolios differ in composition from one another," this "does not justify the appointment of potentially innumerable co-lead plaintiffs to ensure that each individualized interest is represented"); *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 594 (N.D. Cal. 2009) (finding that courts regularly appoint purchasers of one type of security to represent purchasers of other types of securities when the purchasers' interests align).

4884-0707-4165

certification, in itself, has been deemed to be disqualifying. *See Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("Minor or not – and the Court by no means finds the numerous and varied errors minor – the errors 'nonetheless speak[ ] to a level of carelessness' that rightly calls into doubt Kaintz's adequacy to be lead plaintiff.") (citation omitted). Notwithstanding proposed lead counsel's characterization of the errors as having occurred "in good faith" because the "search query submitted to pull relevant securities transactions failed to return correct results with respect to all appropriate accounts," (ECF 32 at ¶6) "this error 'nonetheless speaks to a level of carelessness,' and [should] cause[] [the Court] 'to doubt whether [PPF&PPF and HPORS] possess[] the necessary adequacy and sophistication to be lead plaintiff.'" *Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019) (quoting *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *4 (S.D.N.Y. Sept. 19, 2019)).

Even more concerning than the fact that its proposed lead counsel submitted inaccurate certifications for **both** PPF&PPF **and** HPORS the first time around, HPORS's "Revised" Certification (ECF 32-1) is **still** false. *See* 15 U.S.C. §78u-4(a)(2)(A). Indeed it appears that HPORS's proposed lead counsel either did not carefully read or comprehend the sworn Certification that its client was signing under penalty of perjury – for a second time – **or** it did not have the resources in place to remind HPORS that it filed a securities fraud class action complaint against First Republic Bank just a few months ago, disclosure of which was also required under the PSLRA. In short, HPORS's proposed lead counsel "didn't do the due diligence that would have assisted [HPORS] in filling out a complete affidavit." *In re Longfin Corp. Sec. Class Action Litig.*, No. 1:18-cv-02933-DLC, ECF No. 65 at 14:14-15 (S.D.N.Y. Aug. 27, 2018) (June 25, 2018 Transcript of Lead Plaintiff Hearing); *Canada Goose*, 2019 WL 6617981, at *6 n.7 (declining to appoint movant

4884-0707-4165

"[e]ven if [movant] had the largest financial interest in this action" because "[t]he certification submitted by [movant] with his original motion papers 'erroneously omitt[ed] to disclose that [movant] previously sought appointment in [a prior] action'") (citation omitted).

This is concerning given that a simple conflict check or Google search would have confirmed that HPORS sought to serve as a representative party in *City of Hollywood Police Officers' Ret. Sys. v. First Republic Bank*, No. 4:23-cv-01993-DMR (N.D. Cal. Apr. 24, 2023).  This breakdown in diligence at this early juncture in the litigation weighs against appointment of PPF&PPF and HPORS to lead this case – even if PPF&PPF and HPORS did have the largest financial interest (which, of course, they do not).

In *Longfin*, a movant claiming to have suffered the largest financial interest submitted a false certification that, like both HPORS's original and corrected Certifications here, omitted a PSLRA case in which the movant sought to serve as a representative party in within the three-year period. *Id.*  Unlike here, however, movant's counsel recognized its error *sua sponte* and corrected it before opposition briefs were filed.  Judge Cote nonetheless disqualified the movant under the same rationale that the *Canada Goose* court later used: the combination of circumstances that must have led to such an omission, after being forced to correct admittedly false transactional data, presents too great a risk that the putative class would not be well-served by the combination of this movant and counsel:

> Now, while I appreciate that it was sua sponte corrected on June 13th, but the omission says something to me about Mr. Fish's care with respect to tending to this litigation and its application, but also to counsel.  Counsel should have in place systems that would have prevented this.  It should never have happened.  It's not a heavy lift . . . .

4884-0707-4165

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

*Longfin*, No. 1:18-cv-02933-DLC, ECF No. 65 at 17:8-16.  The inability to comply with this most basic of the PSLRA's requirements precludes PPF&PPF and HPORS's appointment here.  Any attempt to fix this deficiency by taking a third bite at the apple is simply too little, too late.

Finally, it is notable that unlike each of the other movants, PPF&PPF and HPORS seek appointment as a "group" of entirely separate and unrelated entities.  While the PSLRA and courts within this Circuit permit the appointment of certain groups as lead plaintiff, PPF&PPF and HPORS have both stumbled out of the gate in their first "like-minded" decision in this case – their reliance on their proposed lead counsel to ensure that accurate PSLRA Certifications are being submitted on their behalf.  *See Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 WL 8804814, at \*14 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted by* 2018 WL 6978626 (S.D. Fla. Dec. 21, 2018) (citing *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015) (refusing to appoint as lead plaintiff investor groups whose only common thread was a law firm "which admittedly served as the catalyst for the group's formation")) *see also McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270, 279 (E.D. Pa. 2020) (finding fact that PPF&PPF and HPORS's proposed lead counsel "midwifed the Inovio Group gives the impression that lawyers created the Group or at least partly assembled its members" and denying group's motion).

Thus, PPF&PPF and HPORS not only lack the largest financial interest – regardless of whether their false or accurate transactions are considered – they have not made the requisite Rule 23 showing at this early stage.  As such, PPF&PPF and HPORS cannot be appointed lead plaintiff and their motion should be denied.

- 6 -

4884-0707-4165

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

## IV.    CONCLUSION

None of the competing movants suffered a greater loss than Jackson County ERS. Consequently, their motions cannot be considered unless the Court first finds that the presumption in favor of appointing Jackson County ERS as lead plaintiff has been rebutted with the requisite proof. Here, there will be no such proof.  As such, the competing motions should each be denied.

DATED:  August 8, 2023                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
KATHLEEN B. DOUGLAS
Florida Bar No. 043240

                                       s/ Paul J. Geller
                                       PAUL J. GELLER

225 NE Mizner Boulevard, Suite 720
 Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
kdouglas@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 7 -

4884-0707-4165