UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| MAHA JASTRAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEXTERA ENERGY, INC., JAMES ROBO, ERIC SILAGY and DAVID P. REUTER, <br><br> Defendants. | Case No. 9:23-cv-80833-AMC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF
RICHARD BARCELONA FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL**

Movant Barcelona[1] respectfully submits this Reply Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selections of Pomerantz and Miller Shah as Lead and Liaison Counsel, respectively, for the Class (Dkt. No. 30); and in response to the competing motions of JCERS (Dkt. No. 27) the Hollywood-Pembroke Pines Group (Dkt. No. 25).

## PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  This presumption can only be rebutted by proof that the movant with the largest financial interest is atypical or inadequate.  *Id.* § 78u-4(a)(3)(B)(iii)(II).

Here, Barcelona incurred a significant loss of $3,869 as a result of Defendants' alleged malfeasance.  While JCERS and the Hollywood-Pembroke Pines Group both claim to have incurred larger losses than Barcelona, each of these two competing movants has argued that the other is inadequate and/or typical under Rule 23, and/or subject to disqualifying unique defenses, and thus ineligible for appointment as Lead Plaintiff irrespective of the size of their investment losses (as discussed in greater detail below).  As discussed in greater detail in his motion brief, Barcelona has made the requisite *prima facie* showings of adequacy and typicality under Rule 23. *See* Dkt. No. 30-2 at 7-9.  Indeed, Barcelona is the ***only*** movant whose adequacy and typicality is uncontested.

---

[1]All capitalized terms herein are defined in Barcelona's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 30-2, 34.

By contrast, each of the two competing movants JCERS and the Hollywood-Pembroke Pines Group claims to be the presumptive "most adequate plaintiff" of the Class—*i.e.*, the presumptive Lead Plaintiff—while arguing, *inter alia*, that the other is inadequate and/or atypical under Rule 23.  Although JCERS claims to have incurred a loss of $129,184 in connection with the Defendants' alleged fraud, the Group has argued that because all of JCERS's losses were incurred in connection with purchases of NextEra ***preferred*** shares, JCERS is atypical of a Class that will consist overwhelmingly of investors in NextEra's ***common*** shares and inadequate to represent their interests.  The Hollywood-Pembroke Pines Group, meanwhile, submitted Certifications on behalf of its two members that contained significant errors, attested to under penalty of perjury, which the Group subsequently acknowledged by filing corrected Certifications two weeks after the motion deadline.  Courts generally find such errors disqualifying, as they raise legitimate questions about a movant's preparedness to lead a complex securities class action.  *See, e.g., Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6, *9 (S.D.N.Y. Nov. 12, 2021); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019).

The purported atypicality and inadequacy of JCERS and the Hollywood-Pembroke Pines Group has already been vigorously litigated among the competing Lead Plaintiff movants.  The Hollywood-Pembroke Pines Group has vociferously opposed JCERS's appointment as Lead Plaintiff, correctly describing the various ways that appointing JCERS, an investor who incurred losses ***solely*** in connection with NextEra preferred shares, would be at odds with the interests of the Class.  *See* Dkt. No. 33 at 1-4, 12-20.  JCERS, for its part, has similarly opposed the Group's motion, correctly questioning whether the Court should entrust leadership of the Class to the Group, given the demonstrated "carelessness" in its submissions to date.  *See* Dkt. No. 35 at 4.

The spillage of so much ink on these issues already, at the earliest stages of this matter, is merely a preview of the litigation sideshows that inevitably await if the Court were to appoint either of these movants as Lead Plaintiff.  *See In re Hebron Technology Co. Ltd.*, 2020 WL 5548856, at *8 (S.D.N.Y. Sept. 16, 2020) (declining to appoint movant as lead plaintiff where a "cottage industry of issues . . . would saddle, or at least potentially saddle, his claims with unique defenses").

By contrast, no movant has challenged Barcelona's adequacy or typicality, nor suggested that he is subject to any unique defenses that would distract from his ability to prosecute the Class's claims.  Appointing Barcelona is thus the only way to ensure that this litigation will proceed without the needless litigation of ancillary issues that are irrelevant to the claims of the Class.

For the foregoing reasons, Barcelona respectfully requests that the Court grant his motion in its entirety and deny the competing motions of JCERS and the Hollywood-Pembroke Pines Group.

## ARGUMENT

### I.      The Hollywood-Pembroke Pines Group has Argued that JCERS Is Inadequate, Atypical and Subject to Unique Defenses

Among the three competing movants, JCERS has alleged the largest financial interest in the relief sought by the Class in this Action, claiming losses of approximately $129,184 in connection with the Defendants' alleged fraud.  *See* Dkt. No. 28-3.  However, because JCERS incurred ***all*** of its losses in connection with its investments in NextEra ***preferred*** shares, the Hollywood-Pembroke Pines Group has argued that JCERS is atypical of a Class consisting overwhelmingly of ***common*** shareholders, as well as inadequate to represent the Class's interests in this Action and subject to unique defenses.  *See* Dkt. No. 33 at 1-4, 12-20.

Barcelona takes no position on the Group's arguments relating to JCERS's purchases of preferred shares.  Unlike JCERS, however, Barcelona incurred all of his investment losses in

connection with NextEra common shares, and no movant has challenged Barcelona's adequacy or typicality, nor argued that he is subject to any unique defenses.  Given that the Hollywood-Pembroke Pines Group is disqualified from consideration due to the errors in its motion papers (*see infra* at Section II), Barcelona respectfully submits that if the Court declines to appoint JCERS as Lead Plaintiff because of its preferred share purchases, then Barcelona is entitled to the PSLRA's "most adequate plaintiff" presumption.

### II.      The Hollywood-Pembroke Pines Group Is Inadequate

The movant alleging the second-largest loss after JCERS, and the largest loss in connection with common stock purchases, is the Hollywood-Pembroke Pines Group, having claimed losses of approximately $114,547 in its motion papers.  However, the Group cannot serve as Lead Plaintiff, irrespective of the size of its losses, because errors in its motion papers demonstrate its inadequacy to serve in that role.  *See*, *e.g.*, *Rodriguez*, 2021 WL 5282006, at \*6, \*9 (the presence of errors in a movant's submissions is "undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative"); *Tomaszewski*, 383 F. Supp. 3d at 414 (disqualifying movant with the largest loss when errors in sworn certification demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 WL 2683636, at \*7, \*8 n.8 (D.N.J. Sept. 7, 2007) (denying motion by movant whose certification "contained incorrect trading data and loss calculations," finding it to be "plagued with misinformation"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at \*5-6 (N.D. Ill. Jan. 28, 2020) (denying motion by movants where errors in loss calculations demonstrated that movants either knowingly submitted incorrect information or failed to review their submissions before filing).

Here, as required by the PSLRA, Hollywood and Pembroke Pines each submitted a Certification with the Group's motion papers in which each movant purported to set forth its Class Period transactions in NextEra securities and to disclose any actions filed within the preceding three years in which it had served or sought to serve as a class representative under the federal securities laws. *See* Dkt. No. 25-6. The statements in the Group's two Certifications were attested to under penalty of perjury. *See id.* at *2, *4. Based on the transactions attested to in their Certifications, the Group calculated its aggregate losses in connection with the alleged fraud in this Action to be $114,575 ($48,573 incurred by Hollywood, and $65,972 incurred by Pembroke Pines). *See* Dkt. No. 25-7.

Then, on August 8, 2023, hours before the deadline to oppose the competing Lead Plaintiff motions, the Hollywood-Pembroke Pines Group filed Revised Certifications on behalf of both Hollywood and Pembroke Pines. Dkt. Nos. 32-1, 32-2. In this supplemental filing, the Group acknowledged that the Certifications initially filed with the Group's motion papers "omitted" or "incorrectly stated" multiple Class Period transactions in NextEra securities. Dkt. No. 32 ¶ 6. These supplemented and corrected statements of the Group members' transactions in NextEra securities were significant enough to change the Group's aggregate loss figure to $122,118 ($69,053 claimed by Hollywood and $53,065 by Pembroke Pines). *See* Dkt. Nos. 32-3, 32-4.

Separately, after the Group filed its supplemental submissions, JCERS noted in its own opposition papers that both Hollywood's original Certification (Dkt. No. 25-6 at *2-*3) *and* its Revised Certification (Dkt. No. 32-1) failed to disclose that Hollywood had filed a securities fraud class action complaint on behalf of First Republic Bank shareholders just months earlier (the "First Republic Complaint"). *See* Dkt. No. 35 at 4. As an instance of Hollywood "[seeking] to serve as a representative party of a class in [an] action under the federal securities laws filed during the

5

three-year period preceding the date of [its] Certification", the First Republic Complaint plainly should have been disclosed in both iterations of Hollywood's Certification. *See* Dkt. No. 25-6 at *2; Dkt. No. 32-1 at *2.

Barcelona respectfully submits that these significant errors in the Hollywood-Pembroke Pines Group's motion papers disqualify it from serving as a Lead Plaintiff in this Action. This case is a complex securities class action, and its prosecution will require a class representative who is actively engaged in this litigation and prepared to thoroughly review significant filings prepared by its counsel. The fact that the Hollywood-Pembroke Pines Group's very first filings in this litigation contained significant errors does not evince a readiness to undertake this role. Moreover, the fact that the non-disclosure of the First Republic Complaint was repeated even in Hollywood's Revised Certification—*i.e.*, even after the Group was on notice that its Certifications contained errors, and thus presumably would have been scrutinizing their accuracy even more thoroughly— compounds these concerns. Moreover, these errors tend to undercut the various assurances in the Group's Joint Declaration as to its members' supposed preparedness to serve as Lead Plaintiffs. *See generally* Dkt. No. 25-5. The Court should obviously be able to rely upon the accuracy of the Lead Plaintiff's filings in this litigation, and the Hollywood-Pembroke Pines Group's submissions thus far should not reassure the Court that it will be able to do so if the Group is appointed to serve as Lead Plaintiff.

### III.    Barcelona Is the Only Movant Whose Adequacy and Typicality Is Undisputed

Given that JCERS and the Hollywood-Pembroke Pines Group have vociferously challenged each other's adequacy and typicality under Rule 23, Barcelona respectfully submits that he is the ***only*** movant whose adequacy and typicality is uncontested, and whom no one has argued is subject to unique defenses. Barcelona incurred a significant loss of $3,869 in connection

with the fraud alleged in this Action, which gives him by default the "largest financial interest" claimed by any eligible movant if the Court declines to appoint JCERS or the Hollywood-Pembroke Pines Group as Lead Plaintiff. As a common stock investor, Barcelona is typical of the Class and adequate to represent its interests, and his filings to date have been complete and accurate in all respects. As such, unlike JCERS or the Hollywood-Pembroke Pines Group, the appointment of Barcelona as Lead Plaintiff can assure the Court that the prosecution of the Class's fraud claims in this Action will proceed efficiently, unencumbered by the litany of distractions that the appointment of either of the two competing movants would inevitably entail.

**CONCLUSION**

For the foregoing reasons, and those set forth in his moving and response briefs (Dkt. Nos. 30-2, 34), Barcelona respectfully requests that the Court enter an Order granting his motion in all respects and denying the competing motions of JCERS and the Hollywood-Pembroke Pines Group.

Dated: August 15, 2023

Respectfully submitted,

**MILLER SHAH LLP**

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, Florida 33326
Telephone: (954) 903-3170
Facsimile: (866) 300-7367
jagoldstein@millershah.com

*Counsel for Richard Barcelona and
Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Thomas H. Przybylowski
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016

7

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Richard Barcelona and*
*Proposed Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Richard Barcelona*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

<u>/s/ *Jayne A. Goldstein*</u>
Jayne A. Goldstein

9