UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

| | |
|---|---|
| MAHA JASTRAM, Individually and on Behalf)<br>of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NEXTERA ENERGY, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | CLASS ACTION |

<u>CLASS ACTION</u>

STATEMENT OF OBJECTION TO LATE SUBMISSION OF DECLARATION OF JEFFREY
C. BLOCK IN FURTHER SUPPORT OF THE FLORIDA RETIREMENT FUNDS' MOTION
FOR APPOINTMENT

4874-5694-4759.v1

Two weeks after the deadline imposed by the PSLRA to file lead plaintiff motions, PPF&PPF and HPORS's counsel submitted a Declaration of Jeffrey C. Block in Further Support of the Florida Retirement Funds' Motion for Appointment containing "revised" Certifications and loss estimates for both PPF&PPF and HPORS. *See* ECF 32. Jackson County ERS respectfully objects to the Court's consideration of this late evidence as somehow supporting PPF&PPF and HPORS's adequacy showing. If anything, the late evidence further undermines that attempted showing.

Submissions after a party's motion is filed "'may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.'" *Fox v. Ritz-Carlton Hotel Co., LLC*, 2022 WL 2717986, at *4 (S.D. Fla. July 12, 2022), *aff'd*, 2022 WL 19406583 (S.D. Fla. Sept. 26, 2022); *Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*, 2017 WL 4310754, at *1 (S.D. Fla. Sept. 28, 2017) (declining to judicially notice untimely documents that were "in existence prior to Plaintiff's filing" and finding that "Plaintiff has not shown good cause to depart from the requirements of the Local Rules"); *see also* S.D. Fla. Local Rule 7.1(c)(1) (requiring that all supporting materials, "including affidavits and declarations, shall be served with the filing").[1]

Courts agree that the "PSLRA imposes strict time requirements" and the "plain language of the [PSLRA] precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed ***after*** the sixty (60) day window has closed." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions.") (emphasis in original). Here, the evidence – the transactions on the revised Certifications – were admittedly available to counsel for PPF&PPF and HPORS before the motion was filed. *See* ECF 32 at ¶6. As such, the strategic decision to wait until two weeks after their motion was filed to correct these facts was inappropriate and prejudicial as it denied Jackson County ERS the opportunity to substantively oppose them in the normal course of briefing.

Substantively, PPF&PPF and HPORS's repeated failure to satisfy the PSLRA's most basic certification requirement precludes their appointment here. *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307 (E.D. Va. 2007), is instructive. In that case, defendants pointed "out that plaintiff, on two occasions, filed sworn certifications . . . falsely stating that he had purchased 3,000 Tier shares on

---

[1]   All emphasis is added and citations are omitted unless otherwise noted.

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

June 15, 2005 at a stock price of $8.50 per share when, in fact, he had purchased his Tier stock on May 25, 2005, at a price of $8.46 per share." *Id.* at 317.  Faced with such discrepancies, the *Shiring* court held that "[p]laintiff's inadvertence or his indifference to the PSLRA's certification requirements demonstrates a lack of diligence and candor that, in conjunction with his other deficiencies, counsel against a finding of adequacy." *Id.*

PPF&PPF and HPORS's original Certifications here contained far more significant inaccuracies than at issue in *Shiring*.  Indeed, HPORS omitted entirely from its original Certification 75% of its one dozen trades, which undisclosed trades represented more than 50% of the 40,000 shares it actually traded during the Class Period.  Similarly, HPORS showed no trading at all on almost two-thirds of the days it had either bought or sold NextEra shares:

| HPORS Original Certification: | HPORS Corrected Certification: |
|---|---|
| **City of Hollywood Police Officers' Retirement System Transactions in NextEra Energy, Inc.** | **City of Hollywood Police Officers' Retirement System Transactions in NextEra Energy, Inc.** |

**HPORS Original Certification:**

**City of Hollywood Police Officers' Retirement System Transactions in NextEra Energy, Inc.**

| Date | Transaction | Quantity | Price |
|---|---|---|---|
| 3/2/22 | Bought | 14,031 | 76.88 |
| 3/15/22 | Bought | 4,458 | 80.91 |
| 5/4/22 | Bought | 1,003 | 71.64 |

ECF 25-6.

**HPORS Corrected Certification:**

**City of Hollywood Police Officers' Retirement System Transactions in NextEra Energy, Inc.**

| Date | Transaction | Shares | Price Per Share |
|---|---|---|---|
| 2/22/22 | Sales | 5908 | $ 73.6345 |
| 2/28/22 | Purchases | 1245 | $ 77.6920 |
| 3/1/22 | Purchases | 10 | $ 77.7900 |
| 3/2/22 | Purchases | 20228 | $ 76.8628 |
| 3/15/22 | Purchases | 4458 | $ 80.8940 |
| 4/20/22 | Sales | 1415 | $ 81.7665 |
| 5/4/22 | Purchases | 1003 | $ 71.5900 |
| 7/6/22 | Sales | 2 | $ 78.9318 |
| 12/7/22 | Purchases | 1102 | $ 84.9369 |
| 2/1/23 | Sales | 330 | $ 73.7882 |
| 2/1/23 | Sales | 210 | $ 73.8414 |
| 3/3/23 | Sales | 4782 | $ 72.4935 |

ECF 32-1.

Likewise, PPF&PPF got half of its transactions wrong, with one transaction omitted entirely and another transaction inaccurately reported:

4874-5694-4759.v1

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

| PPF&PPF Original Certification: | PPF&PPF Corrected Certification: |
|---|---|
| **Pembroke Pines Firefighters & Police Officers Pension Fund Transactions in NextEra Energy, Inc.** <br><br> | Date | Transaction | Quantity | Price |<br>| --- | --- | --- | --- |<br>| 3/2/22 | Bought | 21,748 | 76.88 |<br>| 3/15/22 | Bought | 5,144 | 80.91 |<br>| 5/4/22 | Bought | 1,247 | 71.64 |<br><br> ECF 25-6. | **Pembroke Pines Firefighters & Police Officers Pension Fund Transactions in NextEra Energy, Inc.** <br><br> | Date | Transaction | Shares | Price Per Share |<br>| --- | --- | --- | --- |<br>| 3/2/22 | Purchases | 23340 | $ 76.8628 |<br>| 3/15/22 | Purchases | 5144 | $ 80.8940 |<br>| 5/4/22 | Purchases | 1247 | $ 71.5900 |<br>| 12/2/22 | Sales | 1592 | $ 84.5940 |<br><br> ECF 32-2. |

In short, the original Certifications were anything but "true and correct."  ECF 25-3.  Nor were the errors "inconsequential" or "self-corrected" as counsel claims.  ECF 33 at 3 n.3.  In fact, the attorney declaration attesting to their accuracy (ECF 25-3) and the Joint Declaration *still* contain admittedly false statements.  *See* ECF 25-5 at ¶5 (falsely stating under penalty of perjury that HPORS "purchased 19,492 shares of NextEra Energy common stock"), ¶7 (falsely stating under penalty of perjury that PPF&PPF "purchased 28,139 shares of NextEra Energy common stock").

Courts have not hesitated to find that far fewer "errors and discrepancies" "militate against appointment."  *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (denying motion where certification errors included several weekend dates and prices outside the daily range); *Nayani v. LifeStance Health Grp., Inc.*, 2022 WL 16985717, at *4 (S.D.N.Y. Nov. 17, 2022) (denying motion where movant's name was misspelled throughout certification and declaration); *Nager v. Websecure, Inc.*, 1997 WL 773717, at *1 n.1 (D. Mass. Nov. 26, 1997) ("The inaccuracy" – a single pricing error – "may be explainable, but it casts sufficient doubt on Mr. Renzer's adequacy as a representative plaintiff that he should be excluded from the group appointed to serve as lead plaintiffs.").

*Rodriguez v. DraftKings Inc.*, 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021), is also instructive.  In that case, after a competing movant alerted an individual (Kaintz) to problems in his certification, Kaintz submitted a corrected certification and sought to "minimize the issue as a 'clerical error made when transcribing'" "which he fixed '[a]fter being alerted to the error.'"  *Id.* at *9.  The *Rodriguez* court held that Kaintz was "dogged by these self-inflicted wounds" and explained that:

- 3 -

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

The Court is not buying.  Had Kaintz been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place.  Minor or not – and the Court by no means finds the numerous and varied errors minor – the errors "nonetheless speak[ ] to a level of carelessness" that rightly calls into doubt Kaintz's adequacy to be lead plaintiff. . . . As have other courts in this District presented with similar sloppiness, this Court finds that Kaintz's careless errors weigh heavily against his appointment as lead plaintiff.

*Id.* (citing *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at \*5 (S.D.N.Y. Sept. 19, 2019) (quoting *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 415 (E.D. Pa. 2019)); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at \*6 (S.D.N.Y. Oct. 30, 2019), *adhered to on recons. by* 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (rejecting movant with comparatively higher financial stake, in part due to errors in submissions to court); *Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at \*6 (S.D.N.Y. Dec. 5, 2019) (same); *Micholle*, 2018 WL 1307285, at \*9 (same); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at \*3 (S.D.N.Y. July 31, 2007) (same).  This Court should conclude no differently here considering the multiple significant errors, and the fact that a Certification is ***still*** inaccurate.  *See* ECF 35 at 4-5.

Accordingly, the Court should decline to consider PPF&PPF and HPORS's late evidence in support of its motion.

DATED:  August 15, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
KATHLEEN B. DOUGLAS
Florida Bar No. 043240

s/ Paul J. Geller
—————————————————
PAUL J. GELLER

- 4 -

Case No. 9:23-cv-80833-Civ-CANNON/REINHART

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
kdouglas@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 5 -

4874-5694-4759.v1