**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MAHA JASTRAM, Individually and on Behalf of All Others Similarly Situated, | Case No. 9:23-cv-80833-AMC |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| NEXTERA ENERGY, INC., JAMES ROBO, ERIC SILAGY and DAVID P. REUTER, | |
| Defendants. | |

**RESPONSE TO JACKSON COUNTY'S**
**"OBJECTION" TO THE FLORIDA RETIREMENT FUNDS'**
**<u>SUPPLEMENTAL DECLARATION</u>**

Unhappy with the page limits set forth in the Local Rules, Jackson County[1] seeks to grant itself four additional pages of briefing without seeking leave of Court. *See* ECF No. 39. The filing is a jumble—with the heading of an "objection," the body of an opposition brief, and the conclusion of a motion to strike. However it is construed, the extraneous brief is improper. *See* Local R. 7.1(c) ("a reply memorandum shall not exceed 10 pages" and "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court."). Jackson County may not evade the Local Rules by framing an unauthorized filing addressing points already made in other papers as an "objection" rather than an overlong reply. *See Balbin v. Concepcion*, No. 18-20875-CV-MOORE, 2019 WL 13156067, at *1, (S.D. Fla. Aug. 29. 2019) (construing unauthorized ambiguous filing as a surreply and striking where party did not seek leave to file additional briefing and there was no valid reason for it).

The briefing is unauthorized by statute or the Local Rules and fails to identify any basis for Jackson County's purported authority to "object" to the filing of a corrected certification. Despite its framing as an "objection," however, the filing begins and ends as a halfhearted request that the Court disregard the Florida Retirement Funds' revised PSLRA certifications.[2] Insofar as that is the aim of the unauthorized filing, it violates both Federal Rule of Civil Procedure 7(b) governing requests for relief by motion, and Local Rule 7.7 forbidding unauthorized applications to the Court. *See, e.g.*, *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). The briefing itself is a rehash of Jackson County's contention that the Florida Retirement Funds' decision to

---

[1] Defined terms have the same meaning as in the earlier-filed briefs.

[2] Jackson County's "objection" is quite puzzling. On the one hand, it asks the Court to disregard the revised certifications yet, on the other hand, wants the Court to consider them as evidence that the Florida Retirement Funds are unfit to lead the case. Since the certifications merely correct inadvertent errors in reported stock trades, and do not change the parties' respective positions, we respectfully submit Jackson County's request is irrelevant.

timely self-correct inadvertent and inconsequential omissions in their certifications implicates their adequacy to serve as a lead plaintiff. This issue is already addressed extensively in the substantive briefing properly before the Court. *See* ECF No. 33 at 3 n.2; ECF No. 37 at 6-9. Jackson County could have easily included all of this material in its reply brief without violating the page limits in the Local Rules. See L.R. 7.1(c)(2).

To the extent its unauthorized briefing is considered at all, Jackson County's four extra pages provide no additional relevant insight. ***First***, whether or not the Court considers the Florida Retirement Funds' timely self-corrected certifications, their increased losses from the inadvertent omission of additional stock purchases do not affect the parties' relative positions. ***Second***, as set out in earlier briefing, institutional investors are routinely appointed lead plaintiff in securities class actions notwithstanding alleged ministerial errors in their certifications. *See City Pension Fund for Firefighters & Police Officers in the City of Mia. Beach v. Aracruz Cellulose S.A.*, No. 08-23317-CIV, 2009 WL 10664427, at \*4 (S.D. Fla. Aug. 7, 2009) (appointing institution lead plaintiff where failure to disclose that it served as lead plaintiff in prior action was inadvertent); *Baron v. Talkspace, Inc.*, No. 22-cv-00163, 2022 WL 1912255, at \*6 (S.D.N.Y. June 3, 2022) (collecting cases and holding that amendment of certifications is proper). ***Third***, none of the cases cited in Jackson County's unauthorized filing apply, as none concern institutional investors or even individual investors that self-corrected their certifications.[3] Indeed, Jackson County leans heavily

---

[3] *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 317 (E.D. Va. 2007) (individual investor's uncorrected errors in certification came to light at class certification stage); *Micholle v. Ophotech Corp.*, No. 17-cv-00210, 2018 WL 1307285, at \*9 (individual investor's certification contained uncorrected errors); *Nayani v. LifeStance Health Grp. Inc.*, No. 22-cv-06833, 2022 WL 16985717, at \*4 (S.D.N.Y. Nov. 17, 2022) (same); *Nager v. Websecure, Inc.*, No. 97-cv-10062, 1997 WL 773717, at \*1 (D. Mass. Nov. 26, 1997) (same); *Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19-cv-08204, 2019 WL 6617981, at \*6 (S.D.N.Y. Dec. 5, 2019) (same); *Rodriguez v. DraftKings Inc.*, No. 21-cv-05739, 2021 WL 5282006, at \*9 (S.D.N.Y. Nov. 12, 2021) (faulting individual investor not self-correcting certification).

on authority criticizing individual movants for *failing to correct* their own mistakes—precisely the opposite of what the Florida Retirement Funds did here.

Notably, in other cases, counsel for Jackson County have repeatedly persuaded courts that errors their own institutional clients' PSLRA certifications did not render them inadequate (even when those corrections were made years later, not in the days following filing). *See, e.g., In re Apple Inc. Sec. Litig.*, No. 4:19-cv-2033, 2022 WL 354785, at *5 (N.D. Cal. Feb. 4, 2022) (holding that mistakes in certification of institutional investors represented by the same counsel as Jackson County did not preclude a finding of adequacy where "[p]laintiff already corrected its inadvertent errors on the certification (albeit two years after the fact)."); *Lucas v. U.S. Oil Fund, LP*, No. 20-cv-04740, 2020 WL 5549719, at *5 (S.D.N.Y. Sept. 16, 2020) (revised certification of institutional investors represented by the same counsel as Jackson County considered "even though it was filed after the deadline to move for lead plaintiff status."). In *Lucas*, counsel for Jackson County correctly pointed out that "the certification requirement in the PSLRA does not have a time limit" and "many courts have allowed lead plaintiff movants to amend their certifications." Reply at 14, *Lucas v. U.S. Oil Fund, LP*, No. 20-cv-04740 (S.D.N.Y. Sept. 8, 2020), ECF No. 60 (quoting *Rao v. Quorum Heal Corp.*, 221 F. Supp. 3d 987, 989 (M.D. Tenn. 2016)). Jackson County's opposition to precisely the same proposition here should be rejected, and its unauthorized, extraneous briefing should not be considered.

3

August 18, 2023

Respectfully submitted,

*/s/ Chris Gold*
Chris Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
(786) 673-2405 phone

Scott Edelsberg, Esq.
Florida Bar No. 0108039
scott@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
(305) 975-3320 phone

*Liaison Counsel for Movant Florida Retirement Funds and Proposed Liaison Counsel for the Class*

**BLOCK & LEVITON LLP**
Jeffrey C. Block, Esq. (*pro hac vice*)
Jacob Walker, Esq. (*pro hac vice*)
Brendan Jarboe, Esq. (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
jeff@blockleviton.com
jake@blockleviton.com
brendan@blockleviton.com
(617) 398-5600 phone
(617) 507-6020 fax

*Counsel for Movant Florida Retirement Funds and Proposed Lead Counsel for the Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON, P.A.**
Robert D. Klausner
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com

4

*Additional Counsel for Movant Florida
Retirement Funds*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this on the 18th day of August, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


<u>/s/ *Chris Gold*</u>
Chris Gold