**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

MAHA JASTRAM, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff(s),                                **CASE NO. 23-CIV-80833-CANNON**

           v.

NEXTERA ENERGY, INC., FLORIDA
POWER & LIGHT COMPANY, JAMES
ROBO, ERIC SILAGY, and DAVID P.
REUTER,

      Defendants.

_____/

**DEFENDANTS' REPLY IN FURTHER SUPPORT**
**OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Defendants have requested judicial notice of NEE's March 12, 2024 press release for the limited purpose of taking notice of NEE's disclosure that the FEC has closed its file regarding the CREW Complaint.[1]  In Opposition, Plaintiffs concede that courts in the Eleventh Circuit routinely take judicial notice of similar press releases for this purpose.  ECF No. 93 (Opp. to Defendants' Request for Judicial Notice ("JN Opp.") at 2–3).  Plaintiffs argue that the press release may not be noticed for its truth, but Defendants expressly are not asking the Court to determine the truth of the matters described in NEE's press release; rather, Defendants are asking that the Court take notice only of its existence and contents, consistent with Eleventh Circuit law.  RJN at 2. Accordingly, there is no dispute between the parties, and the Court should take judicial notice of the press release.  *See U.S. ex rel. Osheroff* v. *Humana Inc.,* 776 F.3d 805, 811 n.4 (11th Cir. 2015)

---

[1] Defined terms retain the definitions set forth in Defendants' Request for Judicial Notice ("RJN"), ECF No. 91.

(court may take judicial notice of publicly available documents such as newspaper articles "for the limited purpose of determining which statements the documents contain"); *Oxford Asset Mgmt., Ltd.* v. *Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (affirming decision to take judicial notice of press releases for their contents).

Plaintiffs' Opposition also delves beyond the issue of judicial notice and attempts to re-argue the merits of the pending motion to dismiss.  In particular, Plaintiffs claim that NEE's March 12, 2024 press release is "irrelevant" to any "question before the Court" because it "does nothing to rebut the substance of the SAC's allegations."   JN Opp. 3.  It is Plaintiffs, however, not Defendants, who put the disclosure of the CREW Complaint at issue.  Specifically, Plaintiffs have argued, in responding to Defendants' loss causation arguments, that NEE's January 25, 2023 disclosures about the CREW Complaint amounted to a "tacit admission" of wrongdoing.  ECF No. 85 (Opp. at 22).  As Defendants addressed in their briefs, NEE's January 25 risk factor disclosure about the CREW Complaint—namely, that, despite NEE's investigation concluding that the FEC should not pursue the CREW Complaint, the CREW Complaint could still result in regulatory inquiries or findings of violations—is not a "tacit admission" of wrongdoing, but rather a prudent disclosure of the *risk* of future corrective action.  That NEE has now disclosed that the FEC determined to close its file and not pursue the CREW Complaint only underscores that NEE's January 25 disclosure was of a "*risk* of future corrective action" and cannot itself constitute the "corrective disclosure" of prior falsity required to allege loss causation.  *Meyer* v. *Greene*, 710 F.3d 1189, 1198, 1201 (11th Cir. 2013) (emphasis in original); ECF No. 90 (Reply Br. at 12–13). In any event, as Defendants also address in their motion, Plaintiffs are simply wrong to argue that the risks from the CREW Complaint were first disclosed on January 25, 2023—another basis to

reject Plaintiffs' loss causation argument.[2]

**CONCLUSION**

For these reasons, Defendants request that the Court take judicial notice of NEE's March 12, 2024 press release.

Date: April 8, 2024

Respectfully submitted,

**Jordi Martinez-Cid**

Jordi C. Martínez-Cid
Florida Bar No. 100566
Andy Hernández
Florida Bar No. 1018581

Martínez-Cid Law

1 S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone: 305-704-9162
Email: jmartinez-cid@martinez-cidlaw.com
Email: ahernandez@martinez-cidlaw.com
Email: service@martinez-cidlaw.com

Daniel J. Kramer
New York Bar No. 1979392
(admitted *pro hac vice*)
Audra J. Soloway
New York Bar No. 4113536
(admitted *pro hac vice*)
Joshua Hill, Jr.
New York Bar No. 4297826
(admitted *pro hac vice*)

---

[2] Plaintiffs also put the CREW Complaint at issue in the SAC by arguing that NEE "first" warned investors on January 25, 2023, of the risks from the Matrix Memo allegations, allegedly causing the stock to decline.  SAC ¶¶ 8, 269, 284.  As shown in Defendants' motion, in reality, NEE disclosed the very same risks in its November 3, 2022 10-Q, ECF No. 90 (Reply Br. at 11–12), which warned investors that the (public) CREW Complaint filed with the FEC "identifies FPL as an alleged source of funds to certain Super PACs" and warned that the allegations in the CREW Complaint could lead to regulatory inquiries, findings of violations, and other impacts on NEE and FPL.  *Id.* at 12; ECF No. 83 (Mot. to Dismiss at 6, 21).  The January 25 disclosures relating to the already-public CREW Complaint and FEC matter thus cannot possibly be corrective, because they were not new.  *See Meyer*, 710 F.3d at 1198.

David P. Friedman
New York Bar No. 5387774
(admitted *pro hac vice*)

**Paul, Weiss, Rifkind, Wharton
& Garrison LLP**

1285 Avenue of the Americas
New York, New York 10019-6031
Telephone: 212-373-3000
Email: dkramer@paulweiss.com
Email: asoloway@paulweiss.com
Email: jhill@paulweiss.com
Email: dfriedman@paulweiss.com

*Counsel for NextEra Energy, Inc., Florida Power & Light Company, James Robo, Eric Silagy, and David P. Reuter*

4