# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MAHA JASTRAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXTERA ENERGY, INC., FLORIDA POWER & LIGHT COMPANY, JAMES ROBO, ERIC SILAGY and DAVID P. REUTER,<br><br>Defendants. | Case No. 9:23-cv-80833-AMC<br><br>CLASS ACTION<br><br>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |

**TO:   ALL PURCHASERS AND ACQUIRERS OF NEXTERA ENERGY INC. SECURITIES BETWEEN DECEMBER 2, 2021 THROUGH FEBRUARY 1, 2023, INCLUSIVE**

> **A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.**
>
> Please read this notice carefully. A $150,000,000 settlement has been reached for investors who purchased or otherwise acquired NEE securities between December 2, 2021 and February 1, 2023.
>
> If you are a member of the Class, your legal rights will be affected whether you act or not.

**Notice of Settlement:**  Please be advised that the Court-appointed Lead Plaintiffs, the City of Hollywood Police Officers' Retirement System and the Pembroke Pines Firefighters & Police Officers Pension Fund, on behalf of themselves and the Class (as defined below), have reached a proposed settlement of the above-captioned securities class action (the "Action") for $150,000,000 that, if approved, would resolve all claims in the Action (the "Settlement").

**If you have any questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement, please contact the Claims Administrator at:**

*NextEra Energy Securities Settlement*
NextEra Energy Securities Settlement
PO Box 2900
Portland, OR 97208-2900

1

| Description of the Action and the Class |
| --- |

This Notice relates to a proposed Settlement of claims in the pending Action brought by Lead Plaintiffs alleging, among other things, that Defendants NextEra Energy Inc. ("NEE" or the "Company"), Florida Power & Light Company ("FPL"), James Robo, Eric Silagy and David Reuter (Robo, Silagy and Reuter are referred to as the "Individual Defendants" and, with NEE and FPL "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").[1] Defendants deny the claims and contentions alleged in the Action and deny any misconduct or wrongdoing whatsoever. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined on page 8 below.

**The Allegations in this Action**

NEE is the parent company of FPL, a public utility in the State of Florida. Lead Plaintiffs allege that Defendants violated the Exchange Act and Rule 10b-5 by making certain materially false and/or misleading statements concerning the legal and reputational risks related to campaign finance allegations and other political activities involving third-party consulting firm Matrix LLC ("Matrix"). Lead Plaintiffs alleged that the challenged statements caused investor losses on January 25, 2023 and January 31, 2023.

On December 2, 2021, media outlets, including the *Miami Herald*, the *Orlando Sentinel*, and the *Florida Times-Union*, began reporting that Matrix, a political consulting firm retained by FPL, orchestrated a range of allegedly improper political expenditures, including potential violations of state and federal campaign finance laws, during the 2018 and 2020 election cycles. State media outlets published articles alleging that Matrix, acting on behalf of FPL, used a network of nonprofits, including an entity called Grow United, to surreptitiously steer funding to spoiler "ghost candidates" intended to derail the campaign efforts of certain candidates seeking election or reelection for the Florida state legislature. It was reported that FPL had also allegedly secretly taken control of a supposedly independent news website and directed it to publish attacks on candidates running for office as well as reporters who had previously investigated FPL. Later reports alleged that Matrix had surveilled a journalist with the knowledge of FPL employees after the publication of negative reporting. Journalists further alleged that Matrix had improperly courted a Jacksonville City Councilor opposed to the privatization of the Jacksonville Electric Agency with a phony job offer to pave the way for NEE's potential acquisition of the utility.

NEE responded to reports of FPL's alleged involvement in any potential scandal by launching an investigation and issuing a series of statements denying certain allegations. NEE's corporate spokesperson, David Reuter, speaking on behalf of the Company, stated on December 2, 2021, in response to an *Orlando Sentinel* story that "Any report or suggestion that we had involvement in, financially supported or directed others to support any 'ghost' candidates during the 2020 election cycle is patently false."

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.NextEraEnergySecuritiesSettlement.com.

Later, on January 25, 2022, Defendant James Robo, NEE's former Board Chairman, during a conference call with stock market analysts and investors, stated that NEE had "conducted a very extensive and thorough investigation that included looking at company financial records. It included looking at everyone who was named in its company e-mails, also looking at their–they've all provided access to their personal e-mails and text to us as part of that investigation. And the bottom line is we found no evidence of any issues at all . . . I feel very good that there is no basis to any of these allegations…"

After additional articles were published, NEE launched a second law firm investigation into the Matrix-related issues. On October 2022, a non-partisan, non-profit watchdog organization, Citizens for Responsibility and Ethics in Washington, filed a complaint with the Federal Election Commission ("FEC"), asking the agency to investigate Grow United, the Center for Advancement of Integrity and Justice, Florida Promise, Broken Promises, Richard Alexander and various "Unknown Respondents." The "Unknown Respondents" were identified as the person or persons who were "the true sources of contributions . . . that were falsely attributed to conduit entities Grow United, the Center for Advancement of Integrity and Justice, Florida Promise, Broken Promises, and Stand Up for Justice." Lead Plaintiffs alleged FPL was the potential illicit straw donor described in CREW's complaint, which only concerned five "federally registered super PACs" and only concerned the 2020 election cycle, alleged that $1.27 million had been improperly funneled through five nonprofits and tied Matrix to the super PACs named therein. The CREW complaint was part of NEE's second investigation into the Matrix issues. The FEC ultimately issued an order dismissing the complaint.

During the Class Period, the Company disclosed to investors that it could not guarantee the outcome of the FEC process, and that it had conducted two investigations of the allegations by outside legal counsel.

On January 25, 2023, the Company announced the retirement of Eric Silagy, FPL's long-time CEO, and, upon substantially completing its second investigation, issued a risk disclosure informing investors that the Matrix allegations might "ultimately result in a finding that FPL or NEE violated federal campaign finance or other laws" and could "result in the imposition of material fines, penalties, or otherwise result in other sanctions or effects on FPL or NEE," or "have a material adverse impact on the reputation of NEE or FPL or on the effectiveness of their interactions with governmental regulators or other authorities." On the same day, NEE's common stock price fell by $7.31 per share, falling from $83.90 to $76.59 per share, or 8.7%.

On January 31, 2023, the *Florida Times-Union* reported that NEE executives discussed Silagy's exit agreement with analysts from Bank of America and noted that it included a multi-year "claw back on compensation for any legal wrongdoing." NEE's common stock price fell $0.42 per share on January 31, 2023.

**The Legal Proceedings in this Action**

The initial complaint in this Action was filed on May 26, 2023 in the United States District Court for the Southern District of Florida and was captioned *Maha Jastram v. NextEra Energy Inc. et al.*, Case No. 9:23-cv-80833, alleging violations of §§10(b) and 20(a) of the Securities Exchange

3

Act of 1934 and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Defendant NextEra Energy, Inc. ("NEE" or the "Company"), Defendant James Robo ("Robo"), Eric Silagy ("Silagy), and David P. Reuter ("Reuter"). After the initial complaint was dismissed by the Court on June 5, 2023, an Amended Complaint was filed on June 8, 2023.

On October 18, 2023, the Court held argument on competing motions for appointment as lead plaintiffs and on October 26, 2023, the Court appointed Lead Plaintiffs and the firm of Block & Leviton LLP as Lead Counsel.

On December 1, 2023, Lead Plaintiffs filed the Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint") asserting claims against Defendants NEE, FPL, Robo, Silagy and Reuter under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against Robo, Silagy and Reuter under Section 20(a) of the Exchange Act.

Defendants filed a motion to dismiss the Second Amended Complaint and on May 13, 2024, the Court held a hearing concerning the Motion to Dismiss. On September 27, 2024, the Court entered an order granting the motion to dismiss finding the Second Amended Complaint failed to adequately allege the element of loss causation.

Lead Plaintiffs timely appealed the dismissal of the Action. On November 26, 2025, the United States Court of Appeals for the Eleventh Circuit issued a decision reversing the Court's order of dismissal. Defendants filed a petition for rehearing en banc, which was denied on February 11, 2026. The Action returned to the United States District Court for the Southern District of Florida on  February 23, 2026.

On March 2, 2026, the Settling Parties participated in formal mediation before the Hon. Layn R. Phillips of Philips ADR. The case did not settle during the March 2, 2026 mediation session. The Parties continued to discuss the possibility of settlement with and through Judge Phillips, and on March 5, 2026, Judge Phillips made a double-blind mediator's recommendation to settle the case for $150,000,000. On March 9, 2026, the Settling Parties reached an agreement in principle to settle the Litigation for the Settlement Amount, subject to the negotiation of the terms of a Stipulation and Agreement of Settlement, and approval by the Court. On March 16, 2026, the Settling Parties notified the Court of the binding term sheet to settle the case and the Court entered an Order staying deadlines on March 17, 2026.

## Statement of the Class's Recovery

Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $150,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Expenses, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court, will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 13-18 below.

## Estimate of the Average Amount of Recovery Per Share, Preferred Share or Bond

Based on Lead Plaintiffs' damages expert's estimates of the number of shares of NEE securities purchased during the Class Period that may have been affected by the matters at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is approximately 28 cents per share of common stock, 1 cent per share of preferred stock, and 3 cents per share for certain bondholders.[2] The foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their NEE securities and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 13-18 below) or such other plan of allocation as may be ordered by the Court.

## Estimate of the Average Amount of Damages Per Share

The Settling Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct. Lead Plaintiffs' damages expert estimated damages of $3.29 per share.

## Attorneys' Fees and Expenses Sought

Lead Counsel, who has been prosecuting the Action on a wholly contingent basis since its inception in 2023, has not received any payment of attorneys' fees for their representation of the Class and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court appointed Lead Counsel, Block & Leviton LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed twenty-five percent (25%) of the Settlement Fund, plus

---

[2] The full list of NEE securities covered by the Settlement is available in the Plan of Allocation set forth on pages 13-18 and at www.NextEraEnergySecuritiesSettlement.com.

5

accrued interest thereon. In addition, Lead Counsel will apply for reimbursement of expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants ("Litigation Expenses"), in an amount not to exceed $350,000 which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. Any fees and expenses awarded by the Court, or any Lead Plaintiffs Award, shall be paid solely from the Settlement Fund and shall be payable to Lead Counsel, or with respect to a Lead Plaintiffs award, paid to Lead Plaintiffs, upon entry of an order awarding attorneys' fees, expenses and Lead Plaintiffs' awards by the Court, provided that there has been final approval of the Stipulation of Settlement by the Court. If there is any appeal of an award of attorneys' fees and expenses, or of a Lead Plaintiffs Award, Lead Counsel shall repay to the Settlement Fund any amount of attorneys' fees or expenses reversed on appeal. Class Members are not personally liable for any such fees or expenses.

## Identification of Attorneys' Representatives

Lead Plaintiffs and the Class are represented by Block & Leviton LLP, 260 Franklin Street, Suite 1860, Boston, MA 02110. You may contact attorney Brendan T. Jarboe at brendan@blockleviton.com, or at (617) 398-5600.

## Reasons for the Settlement

Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate financial benefit for the Class without the risk or the delays inherent in further litigation. The $150 million dollar Settlement Fund in this case represents one of the largest securities fraud settlements in the history of the United States District Court for the Southern District of Florida. Additionally, despite more than three years of active litigation, this case was still in the early stages of its procedural development and there was no guarantee of any class-wide compensation if litigation proceeded, particularly in light of the fact that Defendants would argue that the eight public statements at issue were not alleged with particularity to be false or misleading, which could have resulted in the case being dismissed at the motion to dismiss stage. Securities fraud class actions are complex and challenging cases to litigate with uncertain outcomes, and Defendants would have the opportunity to reduce or eliminate the Class's potential recovery on a renewed motion to dismiss, at class certification, on summary judgment, at trial, after a verdict, and in a subsequent appeal. That process was likely to take several additional years to complete.

Notably, Lead Plaintiffs agreed to this Settlement after a comprehensive mediation process led by a former federal judge that took several days to successfully resolve based on a mediator's recommendation made on a double-blind basis.

Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the risk of prevailing at each of the outstanding procedural stages of the Litigation as well as any subsequent appeals. Based on their evaluation of these risks, together with an assessment of confidential confirmatory discovery materials produced pursuant to the binding term sheet to settle reached by the Settling Parties, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class, and is fair, reasonable, and adequate.

| Your Legal Rights and Options in the Settlement | |
| --- | --- |
| **Submit a claim:**<br><br>Submit a Claim Form so that it is postmarked (if mailed) or received (if submitted online) no later than _____, 2026. | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined below) that you have against  Released Defendant Parties (defined below), so it is in your interest to submit a Claim Form. |
| **Exclude yourself:**<br><br>Exclude yourself from the Class by submitting a written exclusion so that it is received by no later than _____, 2026. | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you to be part of any other lawsuit against any of the  Released Defendant Parties  concerning the Released Claims. |
| **Object:**<br><br>Object to the Settlement by submitting a written objection so that it is received no later than _____, 2026. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **Appear at a hearing:**<br><br>Attend a hearing on _____, and file a Notice of Intention to Appear so that it is received no later than _____, 2026. | Filing a written objection and notice of intention to appear by _____, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do nothing:** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

7

| Why did I get the Notice? |
|---|

The Court directed that the Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of NEE securities during the Class Period. The Court also directed that this Notice be posted online at www.NextEraEnergySecuritiesSettlement.com. The Court has directed Lead Counsel to disseminate these notices because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* pages 19-20 below for details about the Settlement Hearing, including the date and location of the hearing.

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| How do I know if I am affected by the Settlement? Who is included in the Class? |
|---|

If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

> All persons and entities that purchased or otherwise acquired NEE securities, including purchasers of NEE call options and sellers of NEE put options, during the period from December 2, 2021 to February 1, 2023, inclusive, and were damaged thereby.

Excluded from the Class are (i) Defendants; and (ii) Released Defendant Parties. Also excluded from the Class is any Person who timely and validly seeks exclusion from the Class, or who have already done so, or whose request for exclusion is accepted by the Court. *See* "What if I do not want to be a member of the Class? How do I exclude myself?" on page 19 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form included with this mailing and available for download online at www.NextEraEnergySecuritiesSettlement, and the required supporting documentation as set forth therein, postmarked no later than \_\_\_\_\_ \_\_, 2026.**

Emailed Submissions: info@NextEraEnergySecuritiesSettlement.com
Online Submissions: www.NextEraEnergySecuritiesSettlement.com

| **What might happen if there were no Settlement?** |
| --- |

If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| **How are Class members affected by the Action and the Settlement?** |
| --- |

As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and where will the Court decide whether to approve the settlement?" on pages 19-20 below.

If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What if I do not want to be a member of the Class? How do I exclude myself?" on page 19 below.

If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and where will the Court decide whether to approve the settlement?" on page 19-20 below.

If you are a Class Member and do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (as defined below) against the Defendants and the other Released Defendant Parties (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against

9

any of the Released Defendant Parties. This release shall not apply to any Excluded Claim (as defined below).

"Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description whatsoever as against Released Defendant Parties that have been or could have been asserted in this or any other action that arise out of, are based upon, or relate in any way to both: (a) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this action, or which could have been alleged in this action, and (b) the purchase, acquisition, holding, sale, or disposition of NEE securities, directly or indirectly, by any Class Member during the Class Period, including Unknown Claims (as defined below), including, without limitation, any claims or causes of action arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature. Released Claims do not include claims in any present or future shareholder derivative litigations or demands or shareholder demands that were made or could have been made in, and that arise out of or otherwise relate to the common nucleus of operative facts present in, the following shareholder derivative lawsuits: *Lewis, et al.* v. *Ketchum, et al.*, No. 23-61974 (S.D. Fl.), *Lamborn v. Ketchum, et al.,* No. 23-81471 (S.D. Fl.), *Kusmierski* v. *Ketchum et al*, No. 1:24-cv-22533 (S.D. Fl.), *Rosendahl* v. *Ketchum et al,* No. 9:25-cv-80555 (S.D. Fl.), *Yates* v. *Ketchum et al,* 9:26-cv-80378 (S.D. Fl.), *Davis, et al.* v. *Ketchum, et al.,* No. 5024CA002863XXXAMB (Fla. Cir. Ct.), *Davidson, et al.* v. *Silagy, et al.*, No. 50-2023-CA-012434-MB (Fla. Cir. Ct.), *Worrell* v. *Ketchum et. al*, No. 50-2025-CA-004364-XXXA-MB (Fla. Cir. Ct.).

"Released Defendant Parties" means each and all Defendants, Defendants' Counsel, Defendants' directors' and officers' liability insurance carriers and any and all of their reinsurers, and (i) with respect to Defendants, Defendants' Counsel, and Defendants' directors' and officers' liability carriers and their reinsurers, each of their respective current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, underwriters, and insurers, and each of their respective heirs, executors, administrators, successors and assigns; and (ii) with respect to the Individual Defendants, their respective children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law, and their heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, or any other entity in which any of them has a controlling interest, and as to such entities or trusts, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

"Excluded Claims" means any claims of any person or entity who or which timely and validly seeks exclusion from the Class or whose request for exclusion is accepted by the Court.

"Unknown Claims" means any Released Claims which Lead Plaintiffs or any other Class Member

does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States or any foreign state, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which timely and validly seeks exclusion from the Class or whose request for exclusion is accepted by the Court.

"Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action, which Defendants will release as against the Plaintiffs' Releasees upon the Effective Date.  Released Defendant Claims shall not include any claims relating to the enforcement of the Settlement.

"Plaintiffs' Releasees" means Lead Plaintiffs, any other plaintiffs in the Action, their respective attorneys, and all other Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees,

11

and attorneys, in their capacities as such.

| **How do I participate in the Settlement? What do I need to do?** |
|---|

To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the enclosed Claim Form with adequate supporting documentation **postmarked no later than _____, 2026**. In addition to being enclosed with this Notice, a Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.NextEraEnergySecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004. Please retain all records of your ownership and transactions in NEE securities, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **How much will my payment be?** |
|---|

At this time, it is not possible to make any determinations as to how much any individual Class Member may receive from the Settlement.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $150,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) any Taxes; (b) any Notice and Administration Expenses; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to receive back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or submitted on or before _____, 2026, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Claims (as defined on page 10 above) against the Released Defendant Parties

12

(as defined on page 7 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member submits a Claim Form.

Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") or comparable government retirement plan under state law, should NOT include any information relating to their transactions in NEE securities held through the ERISA Plan or comparable government retirement plan in any Claim Form that they might submit in this Action. They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA or government retirement Plan. Claims based on any ERISA Plan's or comparable government retirement plan's purchases or acquisitions of NEE securities during the Class Period may be made by the plan's trustees. To the extent Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan or comparable government retirement plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired NEE securities during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of NEE securities.

## PROPOSED PLAN OF ALLOCATION

1.      The objective of the Plan of Allocation is to fairly distribute the Net Settlement Fund to Authorized Claimants who suffered economic losses as a result of the violations of the securities laws alleged in this Action.  The calculations are not intended to estimate the damages the Class might have recovered after a trial or the amount Authorized Claimants will be paid under the Settlement.  These calculations are only a method to weigh Authorized Claims against one another to make fair pro rata allocations of the Net Settlement Fund.

2.      To create the Plan of Allocation, Lead Plaintiffs' expert estimated the artificial inflation caused by Defendants' allegedly misleading statements and omissions and considered the impact of subsequent public announcements that Lead Plaintiffs believe corrected those statements and omissions.  The expert also adjusted for price changes caused by regular market or industry forces, on a per-security basis.[3]  In this case, Lead Plaintiffs allege that Defendants made false

---

[3] For NextEra bonds, additional controls were incorporated for interest rate movements and corporate bond returns. For NextEra preferred stock, an additional control for preferred stock returns was also included.

statements and omitted material facts between December 2, 2021, and February 1, 2023, inclusive, which had the effect of artificially inflating the prices of NEE Securities.

3.      In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of NEE Securities.  The alleged corrective disclosures occurred on January 25, 2023 (prior to market open), and January 31, 2023 (prior to market open), and allegedly impacted the price of NEE Securities on January 25, 2023, and January 31, 2023. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased NEE Securities during the Class Period must have held such securities through at least one of the alleged corrective disclosures.

4.      The entire Net Settlement Fund shall be distributed to members of the Settlement Class, other than the portion of the Net Settlement Fund that cannot be distributed because of prohibitive administrative costs, which remainder shall be donated to the Investor Rights Clinic of the University of Miami School of Law.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

5.      Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase of NEE Securities during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

6.      For each NEE Security, excluding options, that was purchased or acquired from December 2, 2021, through January 30, 2023, inclusive, and:

(a)   sold prior to January 25, 2023, the Recognized Loss Amount is zero;[4]

(b)   sold from January 25, 2023 through January 30, 2023, the Recognized Loss Amount is *the lesser of*: (i) the amount of artificial inflation per security on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per security on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price;

(c)   sold from January 31, 2023 through and including the close of trading on April 28, 2023, the Recognized Loss Amount is *the least of*: (i) the amount of artificial inflation per security on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the purchase/acquisition price *minus* the average closing price between January 31, 2023 and the date of sale as stated in Table B below;

(d)   held at the close of trading on April 28, 2023, the Recognized Loss Amount is equal to *the lesser of*: (i) the amount of artificial inflation per security on the date of

---

[4] Any transactions in NEE Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

14

purchase/acquisition; or (ii) the purchase price per relevant security minus that security's latest value as set forth in Table B below.[5]

     7.     For each NextEra call option that was purchased or acquired[6] from December 2, 2021, through January 30, 2023, inclusive, and:

(a)   closed (through sale, exercise, or expiration) prior to January 25, 2023, the Recognized Loss Amount is zero;[7]

(b)   closed (through sale, exercise, or expiration) from January 25, 2023 through January 30, 2023, the Recognized Loss Amount is **the lesser of**: (i) the amount of artificial inflation per option on the date of purchase/acquisition as stated in Table C[8] *minus* the amount of artificial inflation per option on the date of close as stated in Table C; or (ii) if closed through sale, the purchase/acquisition price *minus* the sale price, or if closed through exercise or expiration, the purchase/acquisition price minus the value per option on the date of exercise or expiration;[9]

(c)   held at the close of trading on January 30, 2023, the Recognized Loss Amount is equal to **the lesser of**: (i) the amount of artificial inflation per option on the date of purchase/acquisition as stated in Table C; or (ii) the purchase/acquisition price per option minus the closing price of that option series on January 31, 2023 ("Holding Price), as stated in Table C.

---

[5] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." The average (mean) closing price of NEE Securities during the 90-day look-back period from January 31, 2023 through and including April 28, 2023 is provided for each respective security in the last entry of Table B below.

[6] Short call option contracts have a realized loss of 0.

[7] Any transactions in NEE Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

8 Tables C and D, which set forth the Estimated Artificial Inflation Applicable to NextEra put and call Options, are available in full at www.NextEraEnergySecuritiesSettlement.com.

[9] The value per call option can be found as the greater of 0 and the closing price per share of common stock on the date of expiry/exercise minus the strike price

8.    For each NextEra put option that was sold (written)[10] from December 2, 2021, through January 30, 2023, inclusive, and:

(a)  closed (through purchase, exercise, or expiration) prior to January 25, 2023, the Recognized Loss Amount is zero;

(b)  closed (through purchase, exercise, or expiration) from January 25, 2023 through January 30, 2023, the Recognized Loss Amount is **the lesser of**: (i) the amount of negative artificial inflation per option on the date of sale (writing) as stated in Table D *minus* the amount of negative artificial inflation per option on the date of close as stated in Table D; or (ii) if closed through purchase, the purchase price *minus* the sale price, or if closed through exercise or expiration, the value per option on the date of exercise or expiration minus the sale price;[11]

(c)  held at the close of trading on January 30, 2023, the Recognized Loss Amount is equal to **the lesser of**: (i) the amount of negative artificial inflation per option on the date of purchase/acquisition as stated in Table D; or (ii) the closing price of that option series on January 31, 2023 ("Holding Price), as stated in Table D minus the sale price.

### ADDITIONAL PROVISIONS

9.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

10.   The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶13 below) is $10.00 or greater. An Authorized Claimant with any Recognized Loss Amount less than $10.00 shall receive no Distribution.

11.   If a Class Member has more than one purchase/acquisition or sale of NEE Securities during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings of NEE Securities at the beginning of the Class Period, and then against purchases/acquisitions of NEE Securities, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

12.   Purchases/acquisitions and sales of NEE Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of NEE Securities during the Class Period, shall not be deemed a purchase, acquisition, or sale of the NextEra securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such NEE Securities unless (i) the donor or decedent purchased or otherwise acquired such NextEra securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent,

---

[10] Long put option contracts have a realized loss of 0.

[11] The value per put option can be found as the greater of 0 and the strike price minus the closing price per share of common stock on the date of expiry/exercise.

or by anyone else with respect to such NEE Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

13.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the NEE Securities.  The date of a "short sale" is deemed to be the date of sale of the NEE Securities.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and purchases covering short sales is zero.  In the event that a Claimant has an opening short position in NEE Securities, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

14.     NextEra publicly traded securities are the only securities eligible for recovery under the Plan of Allocation. With respect to NextEra securities purchased or sold through the exercise of an option, the purchase/sale date of the NextEra securities is the exercise date of the option and the purchase/sale price is the exercise price of the option. The NEE Securities included, other than options, are as follows:

| NextEra Security | CUSIP |
|---|---|
| NextEra Energy, Inc. Common Stock | 65339F101 |
| NextEra Energy, Inc. 5.279% Corporate Units | 65339F770 |
| NextEra Energy, Inc. 6.219% Corporate Units | 65339F739 |
| NextEra Energy Capital Holdings, Inc. 2.25% Senior Notes due 06/01/2030 | 65339KBR0 |
| NextEra Energy Capital Holdings, Inc. 3.55% Senior Notes due 05/01/2027 | 65339KAT7 |
| NextEra Energy Capital Holdings, Inc. 4.625% Senior Notes due 07/15/2027 | 65339KCH1 |
| NextEra Energy Capital Holdings, Inc. 2.44% Senior Notes due 01/15/2032 | 65339KBZ2 |
| NextEra Energy Capital Holdings, Inc. 5.00% Senior Notes due 07/15/2032 | 65339KCJ7 |
| NextEra Energy Capital Holdings, Inc. 1.875% Senior Notes due 01/15/2027 | 65339KBY5 |
| NextEra Energy Capital Holdings, Inc. 3.00% Senior Notes due 01/15/2052 | 65339KCA6 |

15.     The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  So long as an Authorized Claimant has a Recognized Claim greater than $10.00.

16.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution

17

checks.  To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the Investor Rights Clinic of the University of Miami School of Law.

17.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Class Representatives, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

18.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.NextEraEnergySecuritiesSettlement.com.

19.     A table identifying the estimated artificial inflation applicable to NEE Securities, other than options, from December 2, 2021 through February 1, 2023, inclusive, is included below as Table A. The NEE securities included in Table A are: A table identifying the 90-day look-back average closing prices for NEE Securities, other than options, from February 2, 2023 through April 28, 2023 is included below as Table B. Two additional tables, Tables C and D, which set forth the Estimated Artificial Inflation Applicable to NextEra put and call Options, are available in full at www.NextEraEnergySecuritiesSettlement.com.

| **What payment are the attorneys for the Class seeking? How will the lawyers be paid?** |
| --- |

Lead Counsel has not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed twenty-five percent (25%) of the Settlement Fund plus accrued interest thereon. At the same time, Lead Counsel also intends to apply for

reimbursement of Litigation Expenses in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

| **What if I do not want to be a member of the Class? How do I exclude myself?** |
| --- |

Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the  Class, addressed to *NextEra Energy Securities Settlement*, EXCLUSIONS, PO Box 2900 Portland, OR 97208-2900.  The exclusion request must be ***received*** no later than _____, 2026.  You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *Maha Jastram v. NextEra Energy Inc. et al.*, Case No. 9:23-cv-80833"; (c) identify and state the number of shares of NEE securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, between December 2, 2021 and February 1, 2023, inclusive), as well as the dates, type of NEE security and number of such securities purchased/acquired and/or sold, and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. You may not exclude yourself by telephone or by email.

If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendant Parties.

If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

| **When and where will the Court decide whether to approve the settlement? Do I have to come to the hearing? May I speak at the hearing if I don't like the Settlement?** |
| --- |

**Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

The Settlement Hearing will be held on _____, 2026 at __:__ _.m., before the Honorable Aileen M. Cannon at the United States District Court for the Southern District of Florida, Alto Lee Adams, Sr. Courthouse, 101 South U.S. Highway 1, Ft. Pierce, Florida, 34950. The Court reserves

19

the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Florida at the address set forth below on or before _____, 2026. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2026**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Block & Leviton LLP** | **Paul, Weiss, Rifkind,** |
| Southern District of Florida | Brendan Jarboe | **Wharton & Garrison LLP** |
| Clerk of the Court | 260 Franklin Street, Suite 1860 | Joshua Hill, Jr. |
| 101 South U.S. Highway 1 | Boston, MA 02110 | 1285 Avenue of the Americas |
| Ft. Pierce, Florida, 34950 | | New York, New York 10019 |

Any objection must include the following three categories of information: (1) the name, address and telephone number of the person or entity objecting and must be signed by the objector; (2) a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (3) documents sufficient to prove membership in the Class, including the number of shares of NEE securities that the objecting Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, between December 2, 2021, and February 1, 2023, inclusive), as well as the dates, type of NEE security and number of such securities purchased/acquired and/or sold, and prices of each such purchase/acquisition and sale.

**You may not validly object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you are not a member of the Class or if you exclude yourself from the Class.**

You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before**

_____, **2026**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth on page 20 above so that the notice is *received* **on or before** _____, **2026**.

The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## What if I bought shares on someone else's behalf?

If you purchased or otherwise acquired any NEE securities between December 2, 2021 and February 1, 2023, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, email a list of the names, addresses, and, if available, email addresses of all such beneficial owners to info@NextEraEnergySecuritiesSettlement.com.   If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners, either by physical mailing or electronic means.   Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.03 per record for names and addresses provided to the Claims Administrator; or $.03 per Notice mailed by you, plus postage at the rate used by the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.   Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.NextEraEnergySecuritiesSettlement.com, or by calling the Claims Administrator toll-free at (877-379-7798).

## Can I see the court file? Whom should I contact if I have questions?

This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular hours at the Office of the Clerk, United States District Court for the Southern District of Florida, Alto Lee Adams, Sr. Courthouse, 101 South U.S. Highway 1, Ft. Pierce, Florida, 34950. Additionally, copies of the Stipulation and any related order entered by the Court will be posted on the website maintained by the Claims Administrator, www.NextEraEnergySecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | |
|---|---|
| *NextEra Energy Securities Settlement* | **Block & Leviton LLP** |
| PO Box 2900 | Attn: Brendan T. Jarboe |
| Portland, OR 97208-2900 | 260 Franklin Street, Suite 1860 |
| | Boston, MA 02110 |
| | (617) 398-5600 |
| | Email: brendan@blockleviton.com |

**For questions regarding this Notice or your Claim, please contact the Claims Administrator or Lead Counsel Above—please do not contact the Court, the Office of the Clerk of the Court, Defendants or their Counsel.**

[DATE]                                   By Order of the Court
                                         United States District Court, Southern District of Florida

**TABLE A**
**Estimated Artificial Inflation Applicable to NextEra Securities (Excluding Options) Transactions**
**December 2, 2021, Through and Including January 30, 2023**

| NextEra Security | CUSIP | Dec 2, 2021 - Jan 24, 2023 | Jan 25, 2023 - Jan 30, 2023 | Jan 31, 2023 thereafter |
|---|---|---|---|---|
| NextEra Energy, Inc. Common Stock | 65339F101 | $8.70 | $1.72 | $0.00 |
| NextEra Energy, Inc. 5.279% Corporate Units | 65339F770 | $0.96 | $0.32 | $0.00 |
| NextEra Energy, Inc. 6.219% Corporate Units | 65339F739 | $3.07 | $0.74 | $0.00 |
| NextEra Energy Capital Holdings, Inc. 2.25% Senior Notes due 06/01/2030 | 65339KBR0 | $3.42 | $2.78 | $0.00 |
| NextEra Energy Capital Holdings, Inc. 3.55% Senior Notes due 05/01/2027 | 65339KAT7 | $2.79 | | $0.00 |
| NextEra Energy Capital Holdings, Inc. 4.625% Senior Notes due 07/15/2027 | 65339KCH1 | $1.28 | | $0.00 |
| NextEra Energy Capital Holdings, Inc. 2.44% Senior Notes due 01/15/2032 | 65339KBZ2 | $1.77 | | $0.00 |
| NextEra Energy Capital Holdings, Inc. 5.00% Senior Notes due 07/15/2032 | 65339KCJ7 | $7.92 | $5.41 | $0.00 |
| NextEra Energy Capital Holdings, Inc. 1.875% Senior Notes due 01/15/2027 | 65339KBY5 | $0.89 | $0.43 | $0.00 |
| NextEra Energy Capital Holdings, Inc. 3.00% Senior Notes due 01/15/2052 | 65339KCA6 | $5.98 | $3.94 | $0.00 |

A

**TABLE B**

**90-Day Look-Back Average Closing Prices for NextEra Securities (Excluding Options)**
**January 31, 2023 – April 28, 2023**

| Sale / Disposition Date | NextEra Security | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 65339F101 | 65339F770 | 65339F739 | 65339KBR0 | 65339KAT7 | 65339KCH1 | 65339KBZ2 | 65339KCJ7 | 65339KBY5 | 65339KCA6 |
| Jan 31, 2023 | $74.63 | $49.99 | $47.89 | $845.83 | $959.04 | $1001.69 | $835.72 | $1016.85 | $902.08 | $703.95 |
| Feb 01, 2023 | $74.44 | $49.95 | $47.84 | $849.94 | $962.22 | $1004.38 | $838.07 | $1020.33 | $902.33 | $709.06 |
| Feb 02, 2023 | $74.82 | $50.04 | $48.02 | $850.98 | $963.38 | $1005.33 | $840.91 | $1021.88 | $904.83 | $711.25 |
| Feb 03, 2023 | $74.78 | $50.05 | $48.02 | $849.66 | $962.33 | $1004.10 | $839.79 | $1019.98 | $904.42 | $710.40 |
| Feb 06, 2023 | $74.93 | $50.11 | $48.06 | $849.01 | $960.64 | $1001.57 | $836.89 | $1016.98 | $903.08 | $706.12 |
| Feb 07, 2023 | $75.12 | $50.17 | $48.15 | $847.12 | $958.95 | $999.85 | $834.48 | $1013.15 | $901.87 | $703.54 |
| Feb 08, 2023 | $75.11 | $50.18 | $48.15 | $845.51 | $958.01 | $998.99 | $832.39 | $1011.01 | $901.16 | $701.49 |
| Feb 09, 2023 | $74.88 | $50.11 | $48.06 | $843.75 | $956.77 | $999.17 | $830.57 | $1008.78 | $900.15 | $699.11 |
| Feb 10, 2023 | $74.86 | $50.11 | $48.08 | $841.93 | $955.55 | $999.31 | $828.76 | $1006.78 | $899.07 | $696.31 |
| Feb 13, 2023 | $74.94 | $50.16 | $48.11 | $840.47 | $954.58 | $998.45 | $827.09 | $1004.39 | $898.63 | $694.69 |
| Feb 14, 2023 | $75.04 | $50.20 | $48.16 | $838.29 | $953.70 | $997.21 | $825.39 | $1002.31 | $897.63 | $693.45 |
| Feb 15, 2023 | $75.20 | $50.28 | $48.29 | $836.77 | $952.93 | $996.03 | $823.55 | $1002.06 | $896.82 | $692.08 |
| Feb 16, 2023 | $75.23 | $50.31 | $48.31 | $835.22 | $951.72 | $994.79 | $821.72 | $999.75 | $895.95 | $692.08 |
| Feb 17, 2023 | $75.29 | $50.34 | $48.33 | $833.93 | $951.09 | $993.71 | $820.15 | $997.83 | $895.25 | $692.08 |
| Feb 21, 2023 | $75.19 | $50.28 | $48.32 | $832.22 | $950.02 | $993.14 | $818.23 | $995.46 | $894.28 | $692.08 |
| Feb 22, 2023 | $75.09 | $50.23 | $48.29 | $830.74 | $949.19 | $992.04 | $816.63 | $993.54 | $893.55 | $689.47 |
| Feb 23, 2023 | $74.96 | $50.16 | $48.25 | $829.61 | $948.51 | $991.05 | $815.24 | $991.90 | $892.94 | $687.39 |
| Feb 24, 2023 | $74.85 | $50.10 | $48.22 | $828.39 | $947.58 | $989.92 | $813.76 | $990.74 | $892.24 | $687.39 |
| Feb 27, 2023 | $74.69 | $49.97 | $48.14 | $827.26 | $946.87 | $989.05 | $812.60 | $989.38 | $891.67 | $687.39 |
| Feb 28, 2023 | $74.51 | $49.85 | $48.06 | $826.31 | $946.25 | $988.26 | $811.37 | $988.09 | $891.14 | $685.15 |
| Mar 01, 2023 | $74.29 | | $47.96 | $825.35 | $945.57 | $987.78 | $810.23 | $986.75 | $890.54 | $682.98 |
| Mar 02, 2023 | $74.19 | | $47.91 | $824.38 | $944.92 | $986.90 | $809.17 | $985.45 | $890.00 | $681.07 |
| Mar 03, 2023 | $74.18 | | $47.88 | $823.89 | $944.45 | $986.31 | $808.43 | $984.71 | $889.57 | $679.98 |
| Mar 06, 2023 | $74.19 | | $47.88 | $823.48 | $943.98 | $985.72 | $807.83 | $984.01 | $889.20 | $679.08 |

B

| Sale / Disposition Date | NextEra Security | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 65339F101 | 65339F770 | 65339F739 | 65339KBR0 | 65339KAT7 | 65339KCH1 | 65339KBZ2 | 65339KCJ7 | 65339KBY5 | 65339KCA6 |
| Mar 07, 2023 | $74.17 | | $47.86 | $823.15 | $943.52 | $985.51 | $807.16 | $983.31 | $888.76 | $678.29 |
| Mar 08, 2023 | $74.17 | | $47.85 | $822.64 | $943.10 | $984.82 | $806.59 | $982.68 | $888.25 | $677.36 |
| Mar 09, 2023 | $74.16 | | $47.82 | $822.18 | $942.75 | $984.35 | $806.10 | $982.01 | $887.97 | $676.46 |
| Mar 10, 2023 | $74.11 | | $47.79 | $822.06 | $942.74 | $984.14 | $805.99 | $981.81 | $887.90 | $676.46 |
| Mar 13, 2023 | $74.09 | | $47.77 | $822.09 | $942.87 | $984.10 | $805.92 | $981.87 | $888.00 | $676.46 |
| Mar 14, 2023 | $74.10 | | $47.77 | $822.11 | $942.81 | $984.06 | $805.76 | $982.02 | $888.00 | $675.61 |
| Mar 15, 2023 | $74.15 | | $47.76 | $822.28 | $943.08 | $984.13 | $805.99 | $982.43 | $888.08 | $675.50 |
| Mar 16, 2023 | $74.21 | | $47.77 | $822.47 | $943.16 | $984.25 | $805.96 | $982.67 | $888.13 | $675.10 |
| Mar 17, 2023 | $74.26 | | $47.78 | $822.81 | $943.43 | $984.46 | $806.28 | $983.14 | $888.42 | $675.34 |
| Mar 20, 2023 | $74.31 | | $47.78 | $822.96 | $943.69 | $984.57 | $806.41 | $983.41 | $888.58 | $675.09 |
| Mar 21, 2023 | $74.34 | | $47.79 | $823.14 | $943.78 | $985.22 | $806.57 | $983.53 | $888.79 | $675.09 |
| Mar 22, 2023 | $74.33 | | $47.79 | $823.51 | $944.17 | $985.51 | $806.97 | $983.95 | $889.07 | $675.09 |
| Mar 23, 2023 | $74.32 | | $47.77 | $823.82 | $944.61 | $985.90 | $807.34 | $984.47 | $889.42 | $675.09 |
| Mar 24, 2023 | $74.35 | | $47.78 | $824.28 | $945.04 | $986.28 | $807.85 | $984.96 | $889.77 | $675.05 |
| Mar 27, 2023 | $74.38 | | $47.79 | $824.53 | $945.26 | $986.70 | $808.16 | $985.42 | $890.04 | $675.05 |
| Mar 28, 2023 | $74.40 | | $47.79 | $824.69 | $945.40 | $986.92 | $808.42 | $985.61 | $890.25 | $675.05 |
| Mar 29, 2023 | $74.44 | | $47.81 | $825.03 | $945.50 | $987.05 | $808.72 | $985.95 | $890.46 | $674.55 |
| Mar 30, 2023 | $74.50 | | $47.82 | $825.38 | $945.67 | $987.29 | $809.05 | $986.49 | $890.70 | $674.38 |
| Mar 31, 2023 | $74.56 | | $47.85 | $825.87 | $945.90 | $987.55 | $809.55 | $987.04 | $891.05 | $674.53 |
| Apr 03, 2023 | $74.60 | | $47.86 | $826.47 | $946.33 | $987.88 | $810.08 | $987.73 | $891.46 | $674.91 |
| Apr 04, 2023 | $74.66 | | $47.88 | $827.10 | $946.79 | $988.29 | $810.79 | $988.45 | $891.94 | $674.91 |
| Apr 05, 2023 | $74.74 | | $47.91 | $827.60 | $947.27 | $988.70 | $811.54 | $989.16 | $892.38 | $674.91 |
| Apr 06, 2023 | $74.83 | | $47.94 | $828.22 | $947.76 | $989.06 | $812.22 | $989.82 | $892.82 | $674.91 |
| Apr 10, 2023 | $74.91 | | $47.96 | $828.70 | $948.08 | $989.36 | $812.72 | $990.33 | $893.14 | $674.91 |
| Apr 11, 2023 | $74.98 | | $47.99 | $829.14 | $948.40 | $989.84 | $813.19 | $991.09 | $893.42 | $674.91 |
| Apr 12, 2023 | $75.05 | | $48.01 | $829.57 | $948.74 | $990.10 | $813.67 | $991.59 | $893.74 | $674.91 |
| Apr 13, 2023 | $75.12 | | $48.04 | $829.97 | $949.17 | $990.26 | $814.12 | $991.96 | $894.04 | $674.91 |
| Apr 14, 2023 | $75.18 | | $48.06 | $830.28 | $949.43 | $990.40 | $814.49 | $992.27 | $894.27 | $674.91 |
| Apr 17, 2023 | $75.24 | | $48.08 | $830.50 | $949.82 | $990.48 | $814.71 | $992.22 | $894.43 | $674.91 |

C

| Sale / Disposition Date | NextEra Security | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 65339F101 | 65339F770 | 65339F739 | 65339KBR0 | 65339KAT7 | 65339KCH1 | 65339KBZ2 | 65339KCJ7 | 65339KBY5 | 65339KCA6 |
| Apr 18, 2023 | $75.30 | | $48.10 | $830.77 | $950.08 | $990.66 | $814.97 | $992.46 | $894.60 | $674.95 |
| Apr 19, 2023 | $75.36 | | $48.12 | $830.99 | $950.24 | $990.73 | $815.15 | $992.63 | $894.74 | $674.92 |
| Apr 20, 2023 | $75.42 | | $48.14 | $831.23 | $950.50 | $990.80 | $815.31 | $992.80 | $894.87 | $675.05 |
| Apr 21, 2023 | $75.49 | | $48.16 | $831.40 | $950.73 | $990.90 | $815.45 | $992.95 | $895.04 | $675.17 |
| Apr 24, 2023 | $75.55 | | $48.18 | $831.67 | $950.96 | $991.05 | $815.65 | $993.20 | $895.22 | $675.36 |
| Apr 25, 2023 | $75.59 | | $48.20 | $832.02 | $951.29 | $991.27 | $815.98 | $993.57 | $895.47 | $675.75 |
| Apr 26, 2023 | $75.56 | | $48.20 | $832.26 | $951.55 | $991.43 | $816.07 | $993.81 | $895.70 | $675.91 |
| Apr 27, 2023 | $75.57 | | $48.21 | $832.40 | $951.74 | $991.56 | $816.24 | $994.01 | $895.87 | $675.91 |
| Apr 28, 2023 | $75.58 | | $48.22 | $832.69 | $951.97 | $991.73 | $816.49 | $994.27 | $896.09 | $675.91 |

D